Thomas A. McElwee, Jr., individually and as Administrator of the Estate of Florence W. McElwee, Deceased, Plaintiff v. Commonwealth of Pennsylvania, Department of Transportation, Defendant.

Argued March 10, 1977, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Joel Friedman,* with him *Goldfeld, Goldberg & Friedman,* for plaintiff.

*Richard S. Herskovitz,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendant.

OPINION BY JUDGE KRAMER, May 26, 1977:

This is a disposition of a preliminary objection raised to a Complaint in Trespass brought within this Court's original jurisdiction. The Complaint was filed by Thomas A. McElwee, Jr., individually and as administrator of the Estate of Florence W. McElwee (plaintiff), against the Commonwealth of Pennsylvania, Department of Transportation (PennDOT). Presently before us is PennDOT's preliminary objection raising the bar of sovereign immunity to plaintiff's action.[1]

---

[1] As is pointed out in the recent Pennsylvania Supreme Court decision in *Freach v. Commonwealth,* Pa. , 370 A.2d 1163 (1977), immunity from suit is an affirmative defense which is

Plaintiff and his wife were involved in an automobile accident on or about March 9, 1975, at the intersection of legislative routes 23122 and 144 in Delaware County. As a result, plaintiff suffered personal injuries and damage to his property. Plaintiff's wife was fatally injured. The complaint alleges that the accident was the result of PennDOT's refusal to grant the local municipality permission to install a traffic signal at the intersection despite knowledge of some 45 accidents there over a period of seven years. The complaint further alleges that PennDOT's actions deprived plaintiff and his deceased wife of their constitutional civil rights in violation of Sections 1 and 26 of Article I of the Pennsylvania Constitution.

Absent express legislative consent, the sovereign immunity granted the Commonwealth under Article I, Section 11 of the Pennsylvania Constitution extends to prevent legal actions such as this from being brought against PennDOT. *Reinert v. Pennsylvania Department of Transportation*, 26 Pa. Commonwealth Ct. 283, 363 A.2d 1337 (1976) ; *Tokar v. Commonwealth of Pennsylvania, Department of Transportation*, 29 Pa. Commonwealth Ct. 383, A.2d (1977). Plaintiff contends that the required legislative authorization to sue PennDOT on this cause of action is provided under Article I, Section 26 of the Pennsylvania Constitution. This Section provides:

Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.

properly raised under the heading "New Matter" in a responsive pleading; it is not properly raised by preliminary objections. *See* Pa. R.C.P. 1030. Since plaintiff did not object to the manner in which the issue of immunity was raised, we will in the interest of judicial economy, decide the issue on the merits.

The recent Pennsylvania Supreme Court decision of *Freach v. Commonwealth of Pennsylvania, supra,* note 1, stated that "legislative authorization of suits against the *Commonwealth* is not to be inferred from language which less than clearly expresses an intent to subject the Commonwealth to suit." (Emphasis added.) Using the Supreme Court's analysis, we point out that Section 26 of Article I fails to make any reference to Article I, Section 11 or to the doctrine of sovereign immunity. In addition we have carefully examined the legislative history of Section 26 and find no indication that the legislative intent was to have this section operate as a waiver of sovereign immunity.[2]

After review of the holdings in the above cases, we conclude that the preliminary objection raised by PennDOT must be sustained.

### ORDER

AND Now, this 26th day of May, 1977, the preliminary objection of the Commonwealth of Pennsylvania, Department of Transportation raising the bar of sovereign immunity is sustained, and plaintiff's complaint is hereby dismissed.

---

[2] The legislative history of Section 26 of Article I can be found in the Legislative Journals for 1965 as Senate Bill No. 530.