492 A.2d 411

**Francis D. PATTON and Sandralee L. Patton, His Wife, Appellants,**

**v.**

**REPUBLIC STEEL CORPORATION, a New Jersey Corporation; Marcellus C. Schwartz and Blanche R. Schwartz, His Wife; and Lawyers' Abstract Company, a Pennsylvania Corporation, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 27, 1983.

Filed April 26, 1985.

Jay N. Silberblatt, Pittsburgh, for appellants.

Donald D. Saxton, Jr., Washington, for appellees.

Before BROSKY, McEWEN, and BECK, JJ.

BECK, Judge:

This is an appeal from an order granting the preliminary objections of appellee Republic Steel Corporation ("Republic") and dismissing the complaint of appellants, plaintiffs below, against Republic. For the reasons stated below we reverse and remand.

In November 1977, appellant Francis D. Patton purchased a tract of land in West Deer Township, Allegheny County, from defendants Marcellus and Blanche Schwartz.[1] Mr. Patton erected a single-family dwelling on the property which was completed in February 1980. He then married Sandralee L. Patton, and the couple resided in this dwelling. Republic's Russellton bituminous coal mine underlies the Pattons' property. The Pattons allege that Republic commenced and/or recommenced mining operations "on or about October of 1980 to April of 1981" (Complaint, ¶ 11).

---

1. The trial court dismissed the preliminary objections of the Schwartzes and Lawyers Abstract Company, and these defendants are not involved in the instant appeal.

In March 1981, appellants' land began to shift and subside, causing damage to their residence.

Appellants subsequently brought the instant action against Republic and the other defendants. Their complaint alleged, inter alia, that the subsidence damage to their home had been caused by Republic's negligence. Appellants further alleged that Republic was liable to them because it had failed to comply with the notice provisions of the Bituminous Mine Susidence and Land Conservation Act, Act of April 27, 1966, P.L. 31, 52 P.S. §§ 1406.1 et seq. ("1966 Act").

■ Republic's rights to the coal in question are traceable to a 1918 deed from George and Ida Fechter to Ford Collieries, Inc. ("the 1918 deed"). This deed granted Ford Collieries ownership of the coal itself "TOGETHER with the right of the party of the second part [Ford Collieries], its successors or assigns, to mine out and remove all coal free from all liability for damages done the surface or injury of any sort arising from the mining and removal of all said coal." There are three separate estates inherent in a tract of land: the surface, mineral and subjacent support estates. The 1918 deed conveyed to Ford Collieries two of the three estates inherent in the tract of land, namely the estate in the coal itself and the estate of subjacent support. The Fechters retained only the surface estate. *See Klein v. Republic Steel Corporation*, 435 F.2d 762 (3rd Cir.1970); *Stewart v. Chernicky*, 439 Pa. 43, 266 A.2d 259 (1970); *Atherton v. Clearview Coal Co.*, 267 Pa. 425, 110 A. 298 (1920); *Scranton v. Phillips*, 94 Pa. 15 (1880).

Republic argues that the 1918 deed by its terms relieves them of any liability. While we agree that by the terms of the deed, appellants have no general property interest against Republic in subjacent support of their land, appellants' claims are not based on the 1918 deed. Rather, they are statutory in nature.

Appellants claim that Republic is liable to them by virtue of the Act of July 2, 1937, P.L. 2787, 52 P.S. § 1407 ("1937

Act"), which makes it unlawful for an operator to conduct mining operations in such a negligent manner as to cause the caving in, collapse, or subsidence of a dwelling, and section 1406.10 of the 1966 Act, which imposes on mine owners and operators a duty to notify affected surface landowners of the commencement or recommencement of mining operations.

Republic's preliminary objections alleged that the complaint failed to state a claim on which relief can be granted, and further alleged that the 1937 Act and section 4 of the 1966 Act, 52 P.S. § 1406.4, are unconstitutional because they work a taking of property without just compensation.

The trial court granted Republic's preliminary objections and dismissed appellants' complaint. In its opinion, the court stated that the reason for its decision was that appellants had no remedy under the 1966 Act. Appellants argue that the court erroneously interpreted the 1966 Act. In the alternative, appellants maintain that they should be permitted to proceed on their negligence claim based on the 1937 Act even if they have no claim under the 1966 Act.

■ With respect to the 1966 Act, the crucial issue is whether the statute obligated Republic to notify the Pattons of its mining activities. It is undisputed that Republic sent a notice pursuant to § 1406.10 of the 1966 Act to the Schwartzes, appellants' predecessors in title, in 1967. Appellants contend that Republic also had a duty to notify them of the recommencement of mining after they acquired the subject property.[2]

2. Since this case is at the preliminary objections stage, we must take as true the well-pleaded allegation of appellants' complaint that mining operations were commenced and/or recommenced on or about October of 1980 to April of 1981. *Independent Association of Pennsylvania Liquor Control Board Employees v. Commonwealth,* 35 Pa. Commw. 133, 384 A.2d 1367 (1978). In view of the fact that appellants do not dispute that Republic had engaged in mining at the same location in 1967, and that paragraph 6 of appellant's complaint alleges that "[a]t the time of the man plaintiff's purchase of the above-described property, no deep bituminous coal mining operations were taking place taking place beneath the surface of said property," we will read appellants' complaint as alleging a recommencement.

In holding that Republic had no duty to inform appellants of its intent to mine pursuant to § 1406.10 of the 1966 Act, the trial court's opinion contravenes the language and policy of the statute, and deprives appellants of the rights which the legislature intended to secure for them.

■ It is axiomatic that legislative intent is our touchstone in interpreting a statute. 1 Pa.C.S. § 1921(a); *Appeal of Neshaminy Auto Villa Ltd.*, 25 Pa.Commw. 129, 358 A.2d 433 (1976). In enacting the Bituminous Mine Subsidence and Land Conservation Act, the legislature stated clearly its goals, policies, and intentions. In section 3 of the 1966 Act, 52 P.S. § 1406.3, the legislature stated that the protection of land and structures from subsidence caused by subsurface bituminous mining is "related to the economic future and well-being of Pennsylvania" and "necessary to the safety and welfare of the people." The legislature further found that "[i]n the past, owners of surface structures have not in many instances received adequate notice or knowledge regarding subsurface support, or lack thereof, for surface structures, and therefore the State must exercise its police powers for the protection of the structures covered · herein." 52 P.S. § 1406.3(6).

To remedy the stated evils and accomplish its stated policy goals, the legislature then set up a statutory scheme with four key provisions relating to the rights of surface landowners and the duties of mine operators to notify landowners of their activities:

(1) Automatic protection against subsidence damage for residences, cemeteries, and certain other noncommercial structures in place when the Act became effective in 1966 (§ 1406.4);

(2) The right of landowners to purchase protection for structures not covered by § 1406.4, either because they are not of a type listed in that section or because they were erected after 1966 (§ 1406.15);

(3) The duty of the mine owner to give notice to the record surface owner of its intent to commence or recom-

mence mining six months before doing so (§ 1406.10); and

(4) The duty of the grantor of the surface estate to certify whether the land has a right of protection against subsidence, and if no such right attaches, to notify the grantee that he may purchase such protection from the mine owner (§ 1406.14).

This case involves the duty to notify under § 1406.10. Appellee Republic maintains that it did all the statute required of it when it gave notice to appellants' predecessors in title in 1967. Specifically, Republic contends that it had no duty upon recommencing mining operations in 1980 to notify appellants, who had acquired the overlying land three years earlier, at a time when it appears that there were no ongoing mining operations. The trial court agreed, holding that the word "recommenced" in § 1406.10 referred to the effective date of the 1966 Act and applied only to mines which were existing but dormant at that time. Appellee Republic seems to suggest that we go even further and effectively read the word "recommenced" out of the statute on the grounds that subsequent purchasers receive sufficient notice from their grantors and that notifying surface landowners each time mining is recommenced would be too burdensome on the mine owners.

We find neither the trial court's interpretation nor Republic's suggested interpretation satisfactory. The trial court's construction finds no support in the language of § 1406.10, which does not include mention of the effective date, a fact which is telling because other provisions of the statute do contain clear references to the effective date. Where the legislature includes specific language in one section of a statute and excludes it from another, it should not be implied where excluded. *Pennsylvania Agricultural Cooperative Marketing Association v. Ezra Martin Co.*, 495 F.Supp. 565 (M.D.Pa.1980). Republic's position is contrary to the hornbook principle of statutory construction that all words and provisions of a statute must be given effect, because the General Assembly is not presumed to

have intended them as mere surplusage. 1 Pa.C.S. § 1922; *Commonwealth v. Lobiondo*, 501 Pa. 599, 462 A.2d 662 (1983); *Hess v. Hess*, 327 Pa.Super. 279, 475 A.2d 796 (1984). Its effectively reading the word "recommenced" out of the statute is therefore not a correct interpretation of the statute.

■ These principles require us to interpret the statute so as to impose on Republic a duty to notify the Pattons when it recommenced mining. Section 1406.10 provides that "every owner, operator, lessor or lessee ... or other person in charge of ... any bituminous coal mine or mining operation presently open, *or hereafter opened or reopened* " (emphasis added) shall give notice of the intent to commence or recommence mining. A reasonable reading of this section indicates that the General Assembly intended to impose the duty to notify surface owners of the commencement or recommencement of mining on the owners or operators of *all* bituminous mines.

■ The trial court held, and Republic argues before us (Appellee's Brief at 22), that § 1406.14, requiring grantors to give deed notice of the existence or non-existence of support rights to their grantees obviates the need for further notice from the mine owner. Precisely the contrary is the case. The intent of the statute is for surface owners to be made aware of the existence of any mine under their land and whether that mine is being actively worked, giving rise to subsidence hazards against which the surface owners then have the opportunity to protect themselves. This requires not only the deed notice of what support rights already exist, but also notice from the mine operator when an inactive mine is being reopened.

Section 1406.14 only requires grantors to certify whether the estate being conveyed includes the right of support and to state that such rights may be purchased from the owners of the mineral estate if the land is not now so protected. It does not require the grantor to notify the grantee of the *identity* of any mining company holding rights to the

underlying coal. Neither must the grantor state whether any mining operations have taken place or are now taking place. Informing the buyer of the status of the support rights and of the procedures to secure support rights under § 1406.15 is meant to indicate to the buyer what, if anything, he need do to secure protection against subsidence when mining is taking place beneath his land. The rights of which the buyer must be informed in the deed can be exercised only if the buyer has knowledge of the identity of the owner of the mineral estate and its intention to commence or recommence mining. Section 1406.10 places on the mine owner the duty to provide this information to the surface owner.

■ Republic contends that a duty to notify subsequent purchasers should not be imposed on the mine owner because it would be too burdensome. The trial court agrees; *see* Trial Court Opinion at 3. We find this argument unpersuasive. Section 1406.5 of the 1966 Act requires the mine owner to apply to the Department of Environmental Resources ("DER") for a permit before a mine subject to the Act is "opened, reopened, or continued in operation." Such application must include a map showing "the name of the record owner or owners of said surface structures" overlying the proposed mine. The section further empowers DER to promulgate rules or regulations requiring the updating of such maps. Therefore, a duty to give appropriate notice to subsequent purchasers of the surface estate is not overly burdensome, since it merely asks the mine owner to refer to information it is already required to maintain.

Additionally, we believe that the mine owner, having invested extensive engineering and surveying effort into its mining operations, and being aware that its activities could give rise to a risk of serious harm to the overlying land, is in a better position to know whether a particular piece of property is at risk from a certain mine and to maintain records of the owners of such property. It would also seem under the circumstances not to be good business practice

for the mine owner to remain ignorant of who owns the overlying land.

■ We therefore hold that the 1966 Act, properly construed, imposed a duty on Republic to give notice to the Pattons which their complaint alleges Republic failed to meet. Appellants' complaint thus states a cause of action under the 1966 statute, and the trial court erred in dismissing appellants' complaint with respect to the 1966 Act.

Turning to the question whether the complaint also states a cause of action under the 1937 Act, we agree with appellants that it does, and that the court erred in dismissing appellants' complaint with respect to the 1937 Act.

The grounds of the trial court's decision to dismiss those counts of appellants' complaint which pleaded a cause of action under the 1937 Act are not clear. The opinion of the trial court makes no reference whatsoever to the 1937 Act, leaving us in the dark as to the basis for its decision. We need not speculate further about the basis for the trial court's decision, nor need we remand for additional explication, because in any case appellants' complaint should not be dismissed. The 1937 Act imposes liability on "any owner, operator, director, or general manager, superintendent, or other person in charge of or having supervision over any bituminous coal mine or mining operation in any county of the second class" who conducts mining operations "in such a negligent manner as to cause the caving in, collapse, or subsidence of . . . . any dwelling or other structure used as a human habitation." 52 P.S. § 1407. Appellants' complaint, at paragraph 13, alleges that the damages sustained by appellants

> were a direct and proximate result of the negligence of the defendant, Republic Steel, generally and in the following particulars:
>
> . . . . .
>
> e. In failing to inspect the surface of the property under which the defendant would be commencing and/or recommencing mining operations, and/or . . .

h. In conducting its mining operations in such a careless and reckless manner as to cause surface subsidence, and/or ...

k. In otherwise failing to use due care and caution under the circumstances.

Complaint, ¶ 13.

■■■■■■ The complaint then proceeds to detail the resulting subsidence of appellants' land and the damage to their home. These allegations, if proven, would establish that Republic had engaged in bituminous mining operations "in such a negligent manner as to cause the caving in, collapse, or subsidence of ... [a] dwelling." 52 P.S. § 1407. A complaint should be dismissed on preliminary objections "only in cases that are clear and free from doubt, *i.e.*, it must appear with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff." *Donnelly v. DeBourke*, 280 Pa.Super. 486, 490, 421 A.2d 826, 828 (1980). Since appellants' complaint unambiguously avers that their home suffered subsidence damage as a result of negligent mining activities by Republic, it clearly avers facts which would permit recovery under § 1407. Therefore, the court erred in dismissing appellants' complaint with respect to the 1937 Act.

■■■■ We recognize that our holding that the complaint states a cause of action under both the 1937 and 1966 Acts raises the issue of how these two statutes are interrelated. The 1966 Act only states that it repeals "all acts and parts of acts" which are inconsistent with it. 52 P.S. § 1406.20. Because this question was not addressed by the trial court in its ruling on appellees' preliminary objections or by the parties in their briefs and arguments before this Court, we will not decide it here. However, in the interest of providing comprehensive guidance to the trial court on remand, we note that repeals by implication are not favored, and a later statute will not be held to repeal an earlier statute by implication if any other reasonable construction is possible. *Consumers Education and Protective Association v. Schwartz*, 495 Pa. 10, 432 A.2d 173 (1981); *see also* 1

Pa.C.S. § 1971(c). "Repeal by implication arises only where language used in the later statute is irreconcilably repugnant to the provisions of the earlier statute so as absolutely to preclude a consonant construction of both." *Duda v. State Board of Pharmacy,* 38 Pa.Commw. 378, 381, 393 A.2d 57, 59 (1978).

Republic then argues that we should affirm the dismissal of appellants' complaint on the grounds that both statutes involved are unconstitutional. The constitutionality arguments rest on the Taking Clause of the Fifth Amendment and the impairment of contracts clause of Article I, § 10 of the United States Constitution, and corresponding Pennsylvania constitutional provisions.

■■■ With respect to the constitutional challenge to the 1966 Act, we need not reach the merits of Republic's claim because it has been waived to the extent it is relevant. In its preliminary objections, Republic only argued that *section 4* of the 1966 Act, 52 P.S. § 1406.4, was unconstitutional. Appellants' claim does not rest on § 1406.4, as that section applies only to structures in place on April 27, 1966. Therefore, section 1406.4 is irrelevant to this appeal, and we need not rule on its constitutionality. In its brief before this Court, Republic belatedly advances the proposition that *section 10* of the 1966 Act, 52 P.S. § 1406.10, which is relevant to appellants' cause of action, is likewise unconstitutional. We reach no decision on the merits of this claim because Republic's failure to include it in its preliminary objections constitutes a waiver. Pa.R.C.P. 1028(a, b); *Harkins v. Zamichieli,* 266 Pa.Super. 401, 405 A.2d 495 (1979).

■■■ Republic's constitutional challenge to the 1937 Act, however, was raised in its preliminary objections and is therefore properly preserved for appellate review.[3] Al-

3. The concurring and dissenting opinion suggests that we should not reach the merits of the constitutional issues because they are not a proper subject for preliminary objections under Pa.R.C.P. 1017, and should instead be pleaded as new matter. However, neither of the authorities cited for this proposition, *Stein v. Richardson,* 302 Pa.Super. 124, 448 A.2d 558 (1982), and *Barber v. Lynch,* 275 Pa.Super. 333,

though the opinion of the trial court does not specifically address the issue, we believe that our holding that appellants' complaint states a cause of action under the 1937 Act requires us to decide the constitutional question at this juncture.

 We hold that the 1937 Act is constitutional. We begin our analysis by noting the principle that legislative enactments enjoy a strong presumption of constitutionality, and that a statute shall not be declared unconstitutional unless it clearly, palpably and plainly violates the Constitution. *In the Interest of Jones*, 286 Pa.Super. 574, 429 A.2d 671 (1981); *Kirk v. Unemployment Compensation Board of Review*, 57 Pa.Commw. 92, 425 A.2d 1188 (1981); *Singer v. Sheppard*, 33 Pa.Commw. 276, 381 A.2d 1007 (1978). Republic has failed to carry this heavy burden of demonstrating unconstitutionality.

Republic argues that the 1937 Act is indistinguishable from the Pennsylvania statute found unconstitutional in *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 43 S.Ct. 158, 67 L.Ed. 322 (1922), *rev'g Mahon v. Pennsylvania Coal Co.*, 274 Pa. 489, 118 A. 491 (1922). In *Mahon*, the United States Supreme Court struck down the Kohler Act, Act of May 27, 1921, P.L. 1198, 52 P.S. §§ 661 et seq., as violative of the Taking Clause of the Fifth Amendment and the impairment of contracts clause of Article I, § 10.

 The Kohler Act regulated the mining of anthracite coal, providing that "it shall be unlawful for any owner [or] operator ... so to mine anthracite coal as to cause the

418 A.2d 749 (1980), involve constitutional issues. *Stein* involved a waivable statute of limitations and *Barber* an immunity issue. It is not clear that their holdings can be extended to constitutional challenges.

Moreover, even if a technical foul has occurred, it is appropriate for us to reach the merits because appellants did not object below or in this court to the manner in which the constitutional issues were raised. *Freach v. Commonwealth*, 471 Pa. 558, 370 A.2d 1163 (1977); *McElwee v. Department of Transportation*, 30 Pa.Commw. 320, 373 A.2d 1163 (1977). We note that the passage from our supreme court's opinion in *Freach* in which this very principle was stated is quoted in *Barber*.

caving-in, collapse, or subsidence of" various enumerated
structures and places. 52 P.S. § 661. By its express terms
it appears to have stated a rule of strict liability. In
contrast, the 1937 Act, although generally drafted along the
lines of the Kohler Act, differs in a crucial respect. Liabili-
ty is imposed only if mining operations are conducted "in
such a negligent manner" as to cause subsidence. In *Klein
v. Republic Steel Corp.*, 435 F.2d 762 (3d Cir.1970), the
Court of Appeals for the Third Circuit stated its belief that
the legislature in 1937 was mindful of the *Mahon* decision,
and intended by this change in the nature of the cause of
action to regulate bituminous coal mining in a constitution-
ally valid manner. The *Klein* court ultimately did not reach
a decision on the constitutionality of the 1937 Act, although
the issue was raised, because it held that the plaintiff's
complaint failed to make the requisite showing of negli-
gence on the part of the defendant. However, we find its
commentary on the 1937 Act instructive and we believe the
court's opinion reflects an inclination to uphold the 1937
Act.

The element of negligence is sufficient to distinguish the
instant case from *Mahon*. Under the Kohler Act a mining
company could be enjoined by injunction from mining if
subsidence had resulted or would result despite the exercise
of the utmost care. This clearly would impose an excessive
burden on the mine operator. Under 1937 Act it is not the
mere occurrence of subsidence which gives rise to liability
but rather the mine operator's negligence. We believe this
strikes a better balance between the private rights and
public interests involved.

Republic nevertheless argues that because it owns the
estate of subjacent support, any statutory regulations of its
mining activities with respect to this coal necessarily consti-
tute a taking of the property interest inherent in that estate
and an impairment of the contractual bargain involved in
the conveyance of the estate. We disagree. With respect
to the property interests, the Supreme Court has upheld
land use regulations which adversely affected the value of

real property interests where the state legislature acted reasonably to protect the general welfare. *See, e.g., Goldblatt v. Hempstead,* 369 U.S. 590, 82 S.Ct. 987, 8 L.Ed.2d 130 (1962). In *Penn Central Transportation Co. v. City of New York,* 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978), the Supreme Court, distinguishing *Mahon,* upheld as a reasonable land use regulation a New York City historic preservation law which adversely affected the value of an estate in real property, namely the "air rights" over Grand Central Terminal, by restricting the kind and extent of development which could take place. We believe the 1937 Act, which requires only that Republic utilize its property interests in a non-negligent manner, is a reasonable land use regulation more comparable to *Penn Central* than to *Mahon.*

 As to the alleged impairment of contractual obligations, at most the 1937 Act limits Republic's ability to contract away liability for its negligence. Statutes which have an incidental impact on contractual obligations are nevertheless valid if they are a legitimate exercise of the police power. *See, e.g., Zeuger Milk Co. v. School District of Pittsburgh,* 334 Pa. 277, 5 A.2d 885 (1939). We hold that the 1937 Act constitutes such a valid exercise of the police power. In other contexts, the legislature has enacted statutes restricting the freedom to limit liability contractually with a view toward protecting those in unequal bargaining positions and safeguarding the public generally against dangerous and unfit instrumentalities. *See, e.g.,* section 2–316 of the Uniform Commercial Code (UCC), 13 Pa.C.S. § 2316 (disclaimer of implied warranties must be conspicuous); and section 2–719(c) of the UCC, 13 Pa.C.S. § 2719(c) (contractual exclusion of seller's liability for consequential damages for injury to the person is prima facie unconscionable in the case of consumer goods). We therefore conclude that the 1937 Act's limitations on Republic's ability to absolve itself of liability for damage caused by its mining

activities are in furtherance of a legitimate and important public policy goal and are constitutionally reasonable.[4]

The order sustaining Republic's preliminary objections is reversed, and the case is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.

McEWEN, J., files concurring and dissenting opinion.

McEWEN, Judge, concurring and dissenting:

I agree with the excellent analysis as well as the conclusion reached by the learned author of the majority opinion that the Bituminous Mine Subsidence and Land Conservation Act of 1966, Act of April 27, 1966, P.L. 31, § 1 *et seq.,* as amended, 52 P.S. § 1406.10, imposed a duty upon Republic Steel to provide appellants with notice of their intent to recommence mining operations at least six months prior to commencing operations beneath appellants' property. *See* 25 Pa.Code § 89.144. I also join in that portion of the majority opinion which concludes that appellants' complaint stated a cause of action under the Act of July 2, 1937, P.L. 2787, § 1, 52 P.S. § 1407.

I am unable, however, due to the procedural posture of this case, to join in that portion of the majority opinion which deals with the constitutionality of either the 1937 Act or the 1966 Act.

The procedure of preliminary objections is not, however, the proper method of issuing a constitutional challenge, *see Stein v. Richardson,* 302 Pa.Super. 124, 139–141, 448 A.2d 558, 566 (1982), since the use of preliminary objections is restricted by Pa.R.C.P. 1017 to the following quite specific applications:

---

**4.** Republic has not pursued at the appellate level its claim, raised in preliminary objections, that the 1937 Act violates the provisions of the Pennsylvania Constitution prohibiting the enactment of local or special legislation (the 1937 Act applies only to counties of the second class). This claim is without merit. *See Dufour v. Maize,* 358 Pa. 309, 56 A.2d 675 (1948); *Tranter v. Allegheny County Authority,* 316 Pa. 65, 173 A. 289 (1934).

## RULE 1017. Pleadings Allowed

(a) ....

(b) Preliminary objections are available to any party and are limited to

(1) a petition raising a question of jurisdiction or venue or attacking the form or service of a writ of summons;

(2) a motion to strike off a pleading because of lack of conformity to law or rule of court or because of scandalous or impertinent matter;

(3) a motion for a more specific pleading;

(4) a demurrer, which may include the bar of a nonwaivable statute of limitations or frauds which bars or destroys the right of action and the applicability of which appears on the face of the complaint or counter-claim; and

(5) a petition raising the defense of lack of capacity to sue, pendency of a prior action, nonjoinder of a necessary party or misjoinder of a cause of action.

Rather, the challenge of appellees to the constitutionality of the 1937 and 1966 Acts was required to be raised in New Matter, pursuant to Pa.R.C.P. 1030 and 1045(b). *See Barber v. Lynch*, 275 Pa.Super. 333, 335–339, 418 A.2d 749, 750–751 (1980).

It also seems that even had appellees pleaded the constitutional issues as New Matter, those issues should not now be the subject of our review since it is well settled that constitutional issues should not be decided unless absolutely necessary to the resolution of the issue before the court. *Krenzelak v. Krenzelak*, 503 Pa. 373, 381, 469 A.2d 987, 991 (1983). Since the issue we are called upon to decide is the propriety of the summary judgment and we are of one mind that the entry of the summary judgment must be reversed, the issue before us has been resolved. As a result, we need not here address the constitutionality of the challenged acts and I would refrain from so doing.