## Carlisle Pediatric Center v. Medical Services Assn. of Pa.

*Thomas E. Wenger,* for plaintiffs.
*Thomas E. Wood,* for defendant.

SHEELY, *P.J.,* April 15, 1986—Individual plaintiffs are doctors that comprise the Carlisle Pediatric Center (CPC) and are also participating doctors with Pennsylvania Blue Shield (PBS). In 1983, PBS determined that CPC had been overpaid for certain services performed between 1978 and 1982. On October 14, 1983, after a request for a refund was refused by plaintiff, PBS began to withhold fees earned by plaintiff in order to recoup the overpayment. On March 14, 1984, plaintiffs filed suit claiming that PBS's withholding of payments violates the various contracts between the parties.[1] Defendant filed preliminary objections contending in effect that the sole and exclusive forum for the enforcement of their contractual rights was the Medical Review Committee. The preliminary objections are in the form of a demurrer and a challenge to the court's jurisdiction.

Subsequent to the filing of the complaint, a hearing was conducted by the medical review committee as provided for in 40 Pa.C.S. §6324. The review committee reduced the amount of the overcharge from over $54,000 to $29,040 and PBS continued to

---

1. The contracts are participating doctors' agreements between the individual plaintiffs and PBS. "Participating doctor" status is apparently available only to individual doctors.

withhold payments until the full $29,040 was recouped.

PBS claims that this court lacks jurisdiction of this dispute due to the participating doctor's agreement, the Blue Shield Regulatory Act, 40 Pa.C.S. §6301 et seq., (hereinafter the Regulatory Act) and the PBS Bylaws and Regulations for Participating Doctors.

Section 6324(c) of the Regulatory Act, which applies to participating doctors such as plaintiffs, provides:

"All matter's disputes or controversies relating to the professional health services rendered by the health service doctors, or any question involving professional ethics, shall be considered and determined only by health service doctors as selected in a manner prescribed in the bylaws of the professional health service corporation." 40 Pa.C.S. §6324(c).

The participating doctors' agreement,[2] the contract on which plaintiffs' claim is based, also refers to the PBS bylaws. In the first four pages of that document it is implicitly stated three times that the by laws are incorporated into the agreement.

Since the bylaws are incorporated into the agreement they may be viewed if properly made a part of the record. Article X of the PBS bylaws, which sets the standards for the medical review committees, is attached to the preliminary objections and is therefore properly before the court. Section seven of that article authorizes review committees to take certain actions including: "(d) Request the doctor to make an appropriate refund; (e) Withhold future payments due from the corporation to the doctor involved." The action of defendant in this case is

---

2. The participating doctors' agreement was attached to the complaint as Exhibit A.

therefore supported by the agreement between the parties. Any claim that the PBS by laws were not incorporated into the agreement must fail as the by laws are referred to at least three times in the contract as well as being expressly incorporated by 40 Pa.C.S. §6324(c). In order to determine the propriety of PBS's withholding validly earned fees we would necessarily have to examine the underlying controversy. This is clearly a matter for the medical review committee because it deals with the medical necessity of the services that were provided. See 40 Pa.C.S. §6324(c).

In a very similar situation the court of common pleas in neighboring Dauphin County sustained PBS's preliminary objections and dismissed plaintiffs' complaint. Hajjar v. Medical Services Association, 15 D.&C.3d 251 (1980). We find the reasoning of Judge Dowling in Hajjar supportive of our conclusion and find plaintiffs' attempted distinctions to be without merit.

Also similar to the present case is Emergency Medical Associates, Ltd. v. Pennsylvania Blue Shield, 70 Del. 538 (1983), affd. per curiam 339 Pa. Super. 623, 488 A.2d 1169 (1984). Plaintiffs in that case also unsuccessfully attempted to distinguish Hajjar. The court concluded "that while Hajjar and the instant case involve disputes over different issues, both cases present the identical question of what remedy is available to the parties to resolve the controversies." Id. at 542. Plaintiffs' claim in this case is therefore identical to Hajjar and Emergency Medical in that they challenge the propriety of the same particular remedy, i.e., withholding validly earned fees. The question of whether fees are properly earned is for the medical review committee because it relates to professional health services. See 40 Pa.C.S. §6324(c).

Equity jurisdiction is clearly unappropriate [sic] in this case. The KGD OB-Gyn opinion cited by plaintiffs[3] merely points out that there is an available administrative remedy. Plaintiffs' claim is simply based on a contract, for a sum certain. This court cannot grant equitable relief when there are adequate remedies at law available, as in this case. See Robinson v. Abington Education Association, 492 Pa. 218, 423 A.2d 1014 (1980). The complaint should therefore be dismissed since it is clear that upon the facts averred plaintiffs are not entitled to recover as a matter of law. See Patton v. Republic Steel Corporation, 342 Pa. Super. 101, 492 A.2d 411 (1985).

## ORDER OF COURT

And now, this April 15, 1986, for all the foregoing reasons, defendant's preliminary objections are sustained and the complaint is dismissed with prejudice.

---

3. Opinion and order of the Secretary of Health of February 16, 1984, Formal Complaint no. 82-3.