## Sweigart v. Kulp

*Lawrence J. Patterson*, for plaintiff.
*Joel D. Smith*, for defendant.

FARINA, *J.*, February 4, 1987—Before the court is the preliminary objection of defendant in the nature of a demurrer to plaintiff's complaint. The complaint alleges defendant negligently failed to install smoke detectors in a residence defendant leased to plaintiff. This negligent act allegedly caused injury to plaintiff and his property when a fire broke out in the kitchen of the leased residence and plaintiff received no warning of the fire in time to extinguish the flames or escape. Defendant contends that as a matter of law he owed no duty to install smoke detectors in a residence that is wholly within the control of the tenant and therefore plaintiff's complaint fails to state a cause of action.

A complaint should be dismissed on preliminary objections only where it appears with certainty that, upon the facts averred, the law will not permit recovery by plaintiff. *Patton v. Republic Steel Corp.*, 342 Pa. Super. 101, 492 A.2d 411 (1985). In adjudicating a demurrer defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deductible therefrom. *Duffee v. Judson*, 251 Pa. Super. 406, 380 A.2d 843 (1977).

In the instant case, plaintiff's complaint alleges that defendant leased a "residential dwelling" to plaintiff. The complaint does not contain any further description of the property in question nor allege defendant maintained control over any portion of the property or that any portion of the property

was a common area with other tenants. In his brief, plaintiff presented no statement of facts but stated that plaintiff did not dispute defendant's statements of the facts. Defendant's statement of facts contends that the property in question was leased to plaintiff as a single detached residential dwelling over which plaintiff maintained control of the entire premises.* The question thus presented is whether defendant landlord has a duty to install smoke detectors in a leased residence that is wholly within the control of the tenant.

Plaintiff concedes the novelty of his position acknowledging in his brief there are no Pennsylvania cases that recognize or impose a common law duty upon a landlord to provide automatic fire and smoke detectors in all leased premises. Plaintiff's theory, however, is that landlords have a recognized duty to provide safe ingress and egress to rental units in case of fire, to repair dangerous, hidden conditions in the rental property which are known to them at the time of leasing, and to maintain common areas in a safe condition. Upon this predicate he argues it is a logical extension of a landlord's duty of care to allow a jury to decide whether a landlord who fails to install automatic fire alarm and smoke detectors violates that standard of care. Absent any authority from our appellate courts, or even our sister courts of common pleas, imposing such a duty upon a landlord who has leased a single residential dwelling that is entirely under the control of the tenant,

---

* Although we could direct plaintiff to file a more specific pleading to describe with specificity the "residential dwelling" given plaintiff's concession that defendant's description is accurate our disposition here allowing plaintiff an opportunity to file an amended complaint will accomplish the same purpose, if, in fact, plaintiff's concession was too hasty.

we are unwilling to impose such a duty here and will sustain defendant's demurrer.

Recognizing that a complaint should not be stricken without granting leave to amend if the pleadings are susceptible to correction so as to state a good cause of action (5 Standard Pa. Practice 2d. §24:15, pp. 27-28 (1982), and cases cited therein), we will grant plaintiff leave to file an amended complaint so that if there be some other basis upon which the duty alleged here to be violated can be founded he may have one last opportunity to do so.

Accordingly, we enter the following

## ORDER

And now, this February 4, 1987, upon consideration of defendant, Curtis L. Kulp's preliminary objection in the nature of a demurrer to plaintiff Wayne A. Sweigart's complaint, the objection is sustained and plaintiff's complaint is dismissed. Plaintiff is granted leave to file an amended complaint within 20 days.