534 A.2d 1146

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Petitioner *v.* Office of Attorney General, Respondent.

Argued November 18, 1987, before President Judge CRUMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Faith S. Diehl,* Assistant Counsel, with her, *Sharon E. Holley,* Assistant Counsel, *Ken Skelly,* Chief Counsel, for petitioner.

*Kate Mershimer,* Deputy Attorney General, with her, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, December 23, 1987:

In the matter now before us, the Pennsylvania Liquor Control Board (Board) appeals[1] from a memorandum from the Office of the Attorney General to the Board stating that that agency lacks authority to enter into contracts for the installation and maintenance of ice machines in Pennsylvania Liquor Stores. We will dismiss this appeal.

It is the Board's contention that it is authorized to furnish and maintain indoor self-service ice machines by virtue of the language contained in Sections 301 and 207(h) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§3-301 and 2-207(h). Section 301 provides, in pertinent part, that the Board shall establish, operate and maintain Pennsylvania Liquor Stores "for the sale of liquor and alcohol in accordance with the provisions of and regulations made under this Act." Section 207(h) states that the Board may "do all such things and perform all such acts as are deemed necessary or advisable for the purpose of carrying into effect the provisions of this act and the regulations made thereunder." The Board argues that ice service is ancillary to the sale of alcohol and if the Board can permit its

---

[1] Our jurisdiction for the disposition of this appeal is found in Section 204 of the Commonwealth Attorneys Act, Act of October 15, 1980, P.L. 950, *as amended,* 71 P.S. §732-204.

licensees to sell ancillary non-alcoholic items, the Board can also engage in such activity.

Citing *Independent State Store Union v. Pennsylvania Liquor Control Board,* 495 Pa. 145, 432 A.2d 1375 (1981), *Merchants' Warehouse Co. v. Hitchler,* 335 Pa. 465, 7 A.2d 455 (1939), and *Independent Ass'n of Pennsylvania Liquor Control Board Employees v. Commonwealth,* 35 Pa. Commonwealth Ct. 133, 384 A.2d 1367 (1978), the Board points out that the courts have recognized the Board's great variety of powers and duties, its discretionary authority to make business judgments relating to the Pennsylvania Liquor Stores and its right to make any and all decisions relating to the liquor industry.

With all due respect, we must observe that none of the case law cited grants to the Board the authority it seeks to exercise here. Neither do we believe that there is statutory authority for that purpose.

Section 207 of the Code sets forth that the power and duty of the Board is to (a) buy, import or have in its possession for sale and sell *liquor and alcohol* and (b) control the manufacture, possession, sale, consumption, importation, use, storage, transportation and delivery of *liquor, alcohol and malt or brewed beverage.* Section 301, as we have noted, provides that the Board shall establish, operate and maintain stores *for the sale of liquor and alcohol.* The definitions section of the Code, Section 102, 47 P.S. §1-102, includes definitions of liquor, alcohol and malt or brewed beverages, none of which refer to non-alcoholic items such as ice.

Finally, Section 104(c) of the Code, 47 P.S. §1-104(c) states, *inter alia,* that:

Except as otherwise *expressly* provided, the purpose of this act is to prohibit the manufacture of and transactions in *liquor, alcohol and malt or brewed beverages* which take place in this Com-

monwealth, except by and under the control of the board *as herein specifically provided,* and every section and provision of the act shall be construed accordingly.

(Emphasis added.)

It is clear to us that while the Board does have broad, discretionary power with respect to the sale and dispensation of alcoholic beverages, it has no authority expressed or implied to sell ice through the Pennsylvania Liquor Stores. As this court said in *DeMarco v. Department of Health,* 40 Pa. Commonwealth Ct. 248, 255-56, 397 A.2d 61, 64 (1979):

Administrative agencies, being creatures of the legislature, are vested only with those powers conferred by the statute or such as are *necessarily* implied from a grant of such powers; and where authority is conferred on such an extrajudicial body, the legislative grant of power to act in any particular case must be clear.

(Emphasis in original.)

We conclude that the authority to sell ice is not *necessarily* implied from the authority to control the sale of alcoholic beverages, notwithstanding the provisions of Section 207(h) hereinbefore noted, and that the Board's power to sell ice as ancillary to the sale of alcoholic beverages is non-existent under the provisions of the Code.

### ORDER

The appeal of the Pennsylvania Liquor Control Board from the Attorney General's decision that the Board is not authorized to sell ice or to enter into contracts for the installation and maintenance of ice machines, is dismissed.