552 A.2d 739

L. K., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued October 31, 1988, before Judges CRAIG and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*Robert Polin,* for petitioner.

*Ruth O'Brien,* Assistant Counsel, for respondent.

OPINION BY JUDGE CRAIG, January 6, 1989:

Petitioner L. K. appeals from the Department of Public Welfare's (DPW) denial of petitioner's request for expungement of an "indicated report" of child abuse as provided by the Child Protective Services Law (CPSL).[1] The DPW denied petitioner's request for a hearing on the ground that the petitioner's request was untimely under the DPW's regulations.

The general question for review is whether the DPW's forty-five day time limit period during which a subject[2] must request a hearing as provided in 55 Pa.

---

[1] Act of November 26, 1975, P.L. 438, *as amended,* 11 P.S. §§2201-2224.

[2] "Subject" refers to "any child reported to the central register of child abuse and his parent, guardian or other person responsible also named in the report. Section 3 of the Act, 11 P.S. §2203. The

Code §3490.106(b)[3] should be applied to expungement cases in which the Secretary of the DPW *refuses* rather than *grants* a subject's request for expungement. Because the CPSL automatically confers a right to a hearing when a request for expungement has been *denied,* we agree with the petitioner that the subject in that situation need not request a hearing within forty-five days of the secretary's refusal. We remand for a hearing as requested.

The Delaware County Children and Youth Services named petitioner as the subject of an indicated report of child abuse on April 7, 1986. On July 22, 1986 petitioner's former attorney asked the Secretary of the DPW to expunge the child abuse report. On the basis of its records, without a hearing, DPW denied petitioner's request for expungement on August 18, 1986. Petitioner filed a second expungement request on December 17, 1986. On February 4, 1987 DPW's acting director Warren Lewis responded by letter to petitioner's second request by stating that "any request which [petitioner] would now submit to request a hearing" would be delinquent because the petitioner had failed to request a hearing within forty-five days of the secretary's August 18 refusal to expunge.

Section 15(d) of the CPSL states:

At any time, a subject of a report may request the secretary to amend, seal or expunge information contained in the Statewide central register on the grounds that it is inaccurate or it is being maintained in a manner inconsistent with this act. If the secretary *grants* the request the

---

"subject" in this case is the petitioner, who was accused of child abuse.

[3] 55 Pa. Code §3490.106(b) provides that "Appeals shall be in writing to the Secretary and be postmarked no later than 45 days from the date of the Secretary's notification letter."

Statewide central, appropriate child protective service agency and all subjects shall be so advised within seven days from the date of this decision. The child protective service agency and any subject have 45 days in which to file an appeal with the secretary. If such an appeal is received, the secretary or his designated agency shall schedule a hearing pursuant to the provisions of Article IV of the act of June 13, 1967 (P.L. 31 No. 21), known as the 'Public Welfare Code,' and attending departmental regulations . . . If the secretary *refuses* or does not act within a reasonable time, but in no event later than 30 days after receipt of such request, the subject *shall* have the right to a hearing before the secretary . . . .

11 P.S. §2215(d) (emphasis added).

DPW claims that because the statute is *silent* as to a time within which a subject must request a hearing when the secretary *refuses* to expunge a report, the language in the statute, stating that hearings shall be held in accordance with Article IV of the Public Welfare Code and attending DPW regulations, suggests that DPW regulations, specifically 55 Pa. Code §3490.106 (b), should control. This portion of the statute, however, appears to refer only to the immediately preceding text of the statute, as respects the scheduling of hearings on those cases in which the secretary has *granted* expungement.

The fact that the statute does not specifically state a time period in which a subject must request a hearing on a denial does not mean that the statute is not clear. Nor does this silence mean that the legislature intended that the period in which a subject must request a hearing is the same regardless of whether the subject's expungement request is granted or denied.

In *Patton v. Republic Steel Corp.*, 342 Pa. Superior Ct. 101, 492 A.2d 411 (1985), the Pennsylvania Superior Court held that "Where the legislature includes specific language in one section of a statute and excludes it from another, it should not be implied where excluded." *Patton,* 342 Pa. Superior Ct. at 109, 429 A.2d at 415. The CPSL specifically provides that when the secretary of the DPW *grants* an expungement request, a subject has forty-five days in which to request a hearing.

We will not imply something that the legislature has excluded from the statute. We must presume that the legislature intended every word, sentence and provision for some purpose and we must give effect to the language accordingly. *Commonwealth v. Lobiondo,* 501 Pa. 599, 462 A.2d 662 (1983). The statute in question states that when the secretary of the DPW *refuses* to expunge a report "the subject *shall* have the right to a hearing." (Emphasis added.) Therefore, because the statute assures an opportunity for a hearing and does not prescribe a time period in which a subject must ask for a hearing after the secretary has refused to expunge a child abuse report, we will interpret the statute as not requiring subjects to request a hearing within a specific time period in those instances.

## ORDER

Now, January 6, 1989, the Pennsylvania Department of Public Welfare's Order at No. 23-05767, dated February 3, 1988, is reversed, and this case is remanded to the Department for a hearing on the merits of petitioner's claim.

Jurisdiction relinquished.