## Commonwealth v. Muldoon

*Martin Mullaney, assistant district attorney,* for the commonwealth.

*Joseph Bernard Muldoon,* pro se.

SUBERS, *J.,* February 22, 1989 — On January 12, 1988, defendant, Joseph Bernard Muldoon, was stopped for speeding by Corporal John K. McWilliams in Lower Providence Township, Montgomery County. Using the "VASCAR-Plus" speed timing device, Corporal McWilliams timed defendant traveling 71 miles per hour in a 55 mile-per-

hour zone. Corporal McWilliams cited defendant for a violation of 75 Pa.C.S. §3362(a)(2) (relating to maximum speed limits). On March 10, 1988, District Justice Benjamin R. Crahalla found defendant guilty of a violation of section 3362(a)(2). Defendant then filed this summary appeal. Following a trial de novo on August 18, 1988, this court found defendant guilty as charged.

On August 29, 1988 defendant filed a motion for new trial. This court denied the motion and, on December 12, 1988, sentenced defendant to pay a fine of $67 plus costs.

## ISSUE

Whether the Vehicle Code (Title 75) requires a minimum following distance for police when using the "VASCAR-Plus" speed-timing device.

## DISCUSSION

Defendant raises only one question for our consideration: Whether police are required to follow a vehicle for a minimum distance when using the "VASCAR-Plus" speed-timing devices that may be used by police in Pennsylvania. Section 3368 of the Vehicle Code[1] sets forth the speed-timing devices that may be used by police in Pennsylvania. Section 3368 provides, in pertinent part:

"§3368. Speed timing devices—

"(a) *Speedometers authorized*— The rate of speed of any vehicle may be timed on any highway by a police officer using a motor vehicle equipped with a speedometer. In ascertaining the speed of a vehicle by the use of speedometer, the speed shall be timed for a distance of not less than three-tenths of a mile. Act of June 17, 1976, P.L. 162 §1, effective July 1, 1977."

---

1. 75 Pa.C.S. §101 et seq.

. . .

"(c) *Mechanical, electrical and electronic devices authorized* —

"(1) Except as otherwise provided in this section, the rate of speed of any vehicle may be timed on any highway by a police officer using a mechanical or electrical speed timing device.

"(2) Except as otherwise provided in paragraph (3), electronic devices such as radio-microwave devices (commonly referred to as electronic speed meters or radar) may be used only by members of the Pennsylvania State Police.

"(3) *Electronic devices which calculate speed by measuring elapsed time between measured road surface points by using two sensors and devices which measure and calculate the average speed of a vehicle between any two points may be used by any police officer.*

"(4) No person may be convicted upon evidence obtained through the use of devices authorized by paragraphs (2) and (3) unless the speed recorded is six or more miles per hour in excess of the legal speed limit. Furthermore, no person may be convicted upon evidence obtained through the use of devices authorized by paragraph (3) in an area where the legal speed limit is less than 55 miles per hour if the speed recorded is less than 10 miles per hour in excess of the legal speed limit. This paragraph shall not apply to evidence obtained through the use of devices authorized by paragraph (3) within a school zone.

"As amended July 11, 1985, P.L. 204, §3, effective immediately, March 27, 1986, P.L. 71 §2, effective immediately." (emphasis supplied)

The Department of Transportation has classified "VASCAR-Plus" as an electronic device as set forth

in section 3368(c).[2] No minimum following distance is required by section 3368 when using mechanical, electrical, and *electronic* devices to time the speed of any vehicle.

Defendant argues that when a police officer uses a "VASCAR-Plus" unit in the "pace" mode (that is, while following the subject vehicle) there is more potential for human error and for that reason there should be a minimum following distance required. The Department of Transportation has not distinguished between a "VASCAR-Plus" unit used in the "pace" mode as opposed to the stationary mode. Furthermore, this court cannot act as a superlegislative body in order to add to section 3368 our own requirement of a minimum following distance when using electronic equipment. We must accept that the legislature intended that a minimum following distance apply *only* to speedometers since it specifically included such requirement only in section 3368(a). See *Patton v. Republic Steel Corporation,* 342 Pa. Super. 101, 492 A.2d 411 (1985).

For these reasons, we decline to create a requirement that police follow a vehicle for any specified distance when using the "VASCAR-Plus" device to determine the rate of speed of that vehicle.

## CONCLUSION

Based on the foregoing analysis, the judgment of sentence entered December 12, 1988 was proper and should be affirmed.

---

2. Volume 16 Pennsylvania Bulletin no. 31670 (1986).