School District of Pittsburgh, Appellant *v.* Local Union 297, Pittsburgh Area School Employees, A.F.S.C.M.E., AFL-CIO, Appellee.

Argued May 9, 1979, before President Judge Bowman and Judges Crumlish, Jr., Mencer, Blatt, DiSalle, Craig and MacPhail. Judges Wilkinson, Jr. and Rogers did not participate.

*James Q. Harty,* with him *James S. Cheslock, Reed, Smith, Shaw & McClay,* and, of counsel, *Robert J. Stefanko,* Solicitor, for appellant.

*Richard Kirschner,* with him *Jonathan K. Walters,* and *Markowitz & Kirschner,* for appellee.

Opinion by Judge Blatt, September 25, 1979:

The School District of Pittsburgh (District), appeals here from an order of the Court of Common Pleas of Allegheny County affirming an arbitration award. The grievance which gave rise to the arbitration arose when the District discontinued subsidizing group life insurance premiums for retired employees.

The applicable collective bargaining agreement (Agreement) between the District and the appellee union provided for a Group Life Insurance Plan. The District had, prior to entering into this Agreement, purchased a group life insurance policy for its employees and provided that the employees retained

the option on retirement of maintaining coverage under a reduced rate with the District subsidizing the premium payments. This policy had a specific provision describing this plan as for "any employee who becomes retired". The Agreement in question here referred to participation by "employees" in group life insurance but made no reference to the position of retirees as to premium payments.

In October of 1975, when the Agreement was in effect, the District terminated the payment of insurance premiums for retired employees. The employee's union filed a grievance which was sustained by the arbitrator who then directed the District to pay the appropriate premiums for all affected retirees in accordance with past practice. The District appealed to the Court of Common Pleas of Allegheny County which upheld the arbitrator's award, holding that it drew its essence from the Agreement and was not in violation of the Public School Code of 1949. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-101 et seq.

The scope of review of an arbitrator's award is limited by Sections 10 and 11 of the Act of April 25, 1927, P.L. 381, *as amended,* 5 P.S. §§170, 171 which establish a review similar to the "essence test". *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA),* 473 Pa. 576, 375 A.2d 1267 (1977). Under this test, the arbitrator's interpretation must be upheld if it "can in any rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention." *Ludwig Honold Mfg. Co. v. Fletcher,* 405 F.2d 1123, 1128 (3rd Cir. 1969); *Community College of Beaver County, supra.*

The District argues that the arbitrator's award here does not draw its essence from the Agreement

which provided that "regular, probationary and part-time employees are eligible to participate in group life insurance". The arbitrator determined, however, that retired employees were included under the Agreement inasmuch as the life insurance policy itself expressly provided for such benefits. The term "retired employee" was not specifically used in the Agreement, but we cannot agree with the District that the arbitrator ignored clear language in the Agreement in holding that retirees were contractually entitled to life insurance coverage under its terms.

The District also argues that the Arbitrator improperly relied on past practice. Our Supreme Court has held that evidence of past practice can be used in arbitrations to implement contract language which sets forth only a general rule and to clarify ambiguous language. *County of Allegheny v. Allegheny County Prison Employees Independent Union*, 476 Pa. 27, 381 A.2d 849 (1977). The arbitrator here believed that the applicable general clause concerning life insurance in the Agreement included retirees, and, in this interpretation, we do not believe that he improperly used past practices to clarify the language concerned.

We cannot find therefore that the arbitrator's award was based on an erroneous interpretation of, or did not draw its essence from, the Agreement. The order of the lower court is therefore affirmed.

## ORDER

AND Now, this 25th day of September, 1979, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

---

DISSENTING OPINION BY JUDGE MacPHAIL:

I respectfully dissent.

The bargaining agreement in Article XVIII clearly limits eligibility for group life insurance to "regular, probationary and part-time employees." That same Article does specifically mention "retirees" with respect to terminal leave pay. As a matter of fact, the Section dealing with terminal leave pay defines "retirees." Where retirees are included as a group for one benefit but omitted from the list of those eligible for another benefit, I believe that the only fair inference which can be drawn from the omission is that the retirees were intentionally excluded from that latter benefit. *Cf., Scott Township Appeal,* 388 Pa. 539, 543, 130 A.2d 695, 698 (1957) (concerning statutory interpretation).

Therefore, I would find that the arbitrator's award simply could not draw its essence from the bargaining agreement and that since there is no ambiguous language in the agreement regarding the matter at issue, the past practice of the School District is irrelevant.

President Judge Bowman and Judge Mencer join in this dissent.