531 A.2d 76

City of Carbondale, Appellant *v.* Fraternal Order of Police Lodge 63 and John Barbaro and Walter Connor, Appellees.

Submitted on briefs November 14, 1986, to President Judge CRUMLISH, JR., and Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Armand E. Olivetti, Jr.,* for appellant.

*Robert A. Mazzoni,* for appellees, John Barbaro and Walter Connor.

OPINION BY JUDGE DOYLE, September 14, 1987:

The City of Carbondale (City) appeals from an order of the Court of Common Pleas of Lackawanna County, which dismissed the City's petition for review of an arbitration award and affirmed the award. We affirm the trial court.[1]

John Barbaro and Walter Connor (Appellees) were police officers for the City. On December 21, 1983, Appellees were promoted in rank by the mayor of the City. In January of 1984, the City's new outgoing-mayor refused to honor the promotions, ostensibly because they were made in violation of the City's Home Rule Charter (Charter) and Administrative Code (Code).[2] Both Appellees filed grievances.

By stipulation, the parties by-passed the grievance procedure in the collective bargaining agreement and proceeded directly to arbitration on the issue of whether the City failed to abide by the collective bargaining agreement in refusing to recognize the promotions of Appellees. The arbitrators found that the City failed to abide by the collective bargaining agreement; that the promotions were made in accordance with a long-standing practice of promoting officers; and that there

---

[1] This case was reassigned to the author on May 13, 1987.

[2] We note that the Home Rule Charter and Administrative Code are both contained in the City's Code, but for purposes of clarity we will speak of them separately.

was no established alternative procedure for promoting employees contrary to that practice. On appeal by the City, the court of common pleas found that the arbitrator's award was drawn from the essence of the collective bargaining agreement. The City appeals to this Court.

The City makes two primary arguments: 1) that the court of common pleas erred in applying the "essence test"; and 2) that the promotions violated the City's Home Rule Charter and Administrative Code.

In cases under Act 111,[3] which covers municipal police and firefighters, the appropriate scope of review of an arbitrator's award was set forth in *Washington Arbitration Case,* 436 Pa. 168, 259 A.2d 437 (1969). Our Supreme Court in that case held that review of an arbitration award under Act 111 is available only by narrow certiorari where the only questions that can be considered are questions of jurisdiction, the regularity of proceedings before the arbitrator, excess in the exercise of powers, and constitutional issues. The City, however, asserts that the Uniform Arbitration Act (UAA),[4] passed in 1980, now provides the appropriate standard of review of arbitration awards, and that the "essence test" standard is no longer the proper standard. We reject this argument; even after the passage of the UAA, our Supreme Court has continued, in Act 111 cases, to adhere to the scope of review set forth in *Washington Arbitration Case* and, most recently in *Appeal of Upper Providence Police Delaware County Lodge # 27 Fraternal Order of Police,* 514 Pa. 501, 526 A.2d 315 (1987) where the Court rejected the same argument as offered here by the City. The trial court, therefore, correctly applied the "essence test."

---

[3] Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §217.1-217.10.

[4] 42 Pa. C. S. §§7301-7320.

The City next argues that the arbitrators' award was illegal in that the promotions violated the merit promotion provisions of the City's Charter and Code, and that an arbitrator cannot order an illegal act. *See Chirico v. Board of Supervisors of Newtown Township,* 504 Pa. 71, 470 A.2d 470 (1983).

We cannot agree, however, that the decision of the arbitration panel violated either the City's Charter or Code. While the Charter made provision for appointment and promotion of officers and employees of the City based on merit,[5] it also mandated that the personnel system be governed by rules prepared by the mayor and adopted by the City Council.[6] Inexplicably, this mandate to develop methods for determining the merit and fitness of candidates for *promotion,* as distinguished from recruitment was never carried out, and such regulations were never put into place. The City has conceded that there were no promotion procedures implemented under the Charter, thus enabling the mayor to make promotion appointments himself.

The City, however, then argues that the absence of a codified scheme for promotions does not justify sanctioning a scheme that violates the general civil service rules of the City, which apply to all *applicants* for City positions, including police. The City's argument, however, must fail, because its civil service rules do not apply to promotional procedures; rather, they apply only to *new* "applicants" for positions with the City. Therefore, as the civil service rules do not apply to promotions, the award of the arbitrators was not illegal.

It is well settled that an arbitrator may consider past practices in construing a collective bargaining agreement, at least in the absence of a broad integration

---

[5] City of Carbondale Code, §C9-1 (1977).
[6] City of Carbondale Code, §C9-1.C (1977).

clause.[7] *County of Allegheny v. Allegheny County Prison Employees Independent Union,* 476 Pa. 27, 381 A.2d 849 (1977). The collective bargaining agreement under consideration contains no such clause. Accordingly, the arbitrators did not err in interpreting the agreement to include past practices, which would include the past promotional practices of the City.

Affirmed.

## ORDER

Now, September 14, 1987, the order of the Court of Common Pleas of Lackawanna County, No. 85-CIV-5849, dated April 15, 1986, is affirmed.

---

[7] Four situations have been identified where past practices can be legitimate indicia of the intent of the parties: 1) to clarify ambiguous language; 2) to implement contract language that only sets forth a general rule; 3) to modify or amend apparently ambiguous language that the parties arguably have waived; and 4) to create or prove a separate, enforceable condition of employment that cannot be derived from the express language of the agreement. *See Allegheny County Prison Employees,* 476 Pa. at 34, 381 A.2d at 852; *see also Chester-Upland School District Appeal,* 55 Pa. Commonwealth Ct. 102, 108 n. 4, 423 A.2d 437, 441 n. 4 (1980).