549 A.2d 1014

Fraternal Order of Police, Lodge No. 5, and Carmen Christy and Augustine Pescatore and Leonard Garris, Appellants *v.* City of Philadelphia, Appellee.

*Anthony J. Molloy, Jr., Mozenter, Molloy & Durst,* for appellants.

*Ralph J. Teti,* Chief Deputy City Solicitor, for appellee.

OPINION BY JUDGE PALLADINO, October 31, 1988:

The Fraternal Order of Police, Lodge No. 5 (FOP) and Carmen Christy, Augustine Pescatore, and Leonard Garris (Grievants) appeal an order of the Court of Common Pleas of Philadelphia County (trial court) denying

their appeal from a decision of an arbitrator in favor of the City of Philadelphia (City). We affirm.

Grievants were employed as police officers by the City. On July 20, 1984, Grievants were advised by the City that they were the subjects of a criminal investigation and were suspended pending dismissal. The City subsequently formally dismissed Grievants, with such dismissal retroactive to July 20, 1984. The City dismissed Grievants because, during a federal criminal trial involving fifteen other police officers employed by the City, Grievants were identified as participants in a police bribery and corruption scheme.[1] Grievants were not named as defendants in the federal action. However, two government witnesses, testifying under a grant of immunity, stated that Grievants, along with the named defendants, had accepted bribes from certain vice figures in exchange for protection from enforcement of gambling and liquor laws.[2]

Grievants filed grievances pursuant to the provisions of the collective bargaining agreement to which FOP and the City were parties, asserting that their dismissals had not been for just cause.[3] The City's Police Commissioner denied the grievances at the initial stage and the matter was submitted to arbitration. At the hearings

---

[1] In the dismissal notices issued by the City, Grievants were charged with accepting bribes, failing to report bribes, knowingly fraternizing with criminals, conduct unbecoming an officer, failure to comply with orders/directives/regulations, failure to take police action, and soliciting money.

[2] The testimony was presented to the United States District Court for the Eastern District of Pennsylvania in *United States v. Martin* (Criminal No. 84-106, filed January 9, 1987).

[3] The collective bargaining agreement between the parties and section 7-303 of the Philadelphia Home Rule Charter, 351 Pa. Code §7.7-303, which is incorporated into the collective bargaining agreement, provide that "just cause" is the standard by which the propriety of a dismissal is to be determined.

held before the arbitrator, the City presented the testimony of the two witnesses from the federal trial who testified as to Grievants' involvement in the bribery scheme.[4] Based upon the evidence presented, the arbitrator determined that the City had established just cause for dismissing Grievants. Grievants and FOP then petitioned the trial court to vacate the award of the arbitrator. By order dated January 22, 1987, the trial court confirmed the arbitrator's award.

On appeal to this court, FOP and Grievants contend that the arbitrator erred in failing to sustain the grievances, alleging that the City dismissed Grievants solely on the basis of hearsay testimony and that the City did not follow its own operating procedures in determining whether to dismiss Grievants. FOP and Grievants also argue that the arbitrator included in his decision factual matters beyond the scope of the grievances submitted.

Our scope of review of an Act 111[5] arbitration award is in the nature of narrow certiorari. Thus, we are limited to reviewing the jurisdiction of the arbitrator, the regularity of the proceedings, constitutional questions, and excesses in the exercise of the arbitrator's powers. *Appeal of Upper Providence Township,* 514 Pa. 501; 526 A.2d 315 (1987); *City of Carbondale v. Fraternal Order of Police Lodge 63,* 109 Pa. Commonwealth Ct. 325, 531 A.2d 76 (1987). An error of law which does not so exceed the powers and authority of the arbitrator (such as a misinterpretation or misapplication of law affecting a term or condition of employment that did not require the doing of a prohibited act by the employer) is not alone grounds for reversal of an Act 111 arbitration award. *Appeal of Upper Providence Township.*

---

[4] The two witnesses were former police officers, Joseph Alvaro and Albert Ricci. Both Alvaro and Ricci had served along with Grievants on the Vice Squad in the City's Northwest Division.

[5] Act of June 24, 1968, P.L. 237, 43 P.S. §§217.1-217.10.

FOP and Grievants first argue that the City improperly dismissed Grievants on the basis of hearsay testimony. Specifically, FOP and Grievants contend that there was no competent evidence which could support a "just cause" dismissal *on July 20, 1984.* FOP and Grievants argue that, as of that date, the City's evidence consisted solely of the uncorroborated hearsay testimony of the two witnesses at the federal trial to which Grievants and the City were not parties. Although FOP and Grievants do *not* argue that the testimony of the witnesses taken before the *arbitrator* constituted hearsay, they allege that the arbitrator should have sustained the grievances because the *City* improperly relied on hearsay testimony.

The arbitrator in this case concluded that the City had met its burden of proof to establish just cause for the dismissal of Grievants. Arbitrator's Award at 9. Whether the arbitrator should have evaluated the City's evidence as it existed on July 20, 1984, rather than as it existed at the later hearings before the arbitrator, amounts to, at most, a mere error of law and is not grounds for reversal. *Appeal of Upper Providence Township.* So long as the arbitrator's award draws its essence from the terms of the collective bargaining agreement, this court should end its inquiry and should not intrude upon the domain of the arbitrator simply because it believes that the arbitrator's interpretation might be "wrong." *Allegheny County Police Association v. Allegheny County,* 100 Pa. Commonwealth Ct. 327, 514 A.2d 964 (1986), *appeal dismissed as improvidently granted,* 516 Pa. 17, 531 A.2d 1108 (1987).

FOP and Grievants also contend that the City failed to follow its own procedures in deciding whether to terminate Grievants and, therefore, treated Grievants unfairly. FOP and Grievants assert that in other cases in which City police officers were suspected of wrongdo-

ing and implicated through testimony during the course of judicial proceedings, the City conducted independent investigations before imposing any discipline. Grievants and FOP argue that in this case, the City did *not* conduct such an investigation, but merely relied on the testimony given under oath in federal court.

The arbitrator found that in those prior cases where the City had made independent investigations, the witnesses to the alleged wrongdoing were not former or current police officers. Further, the arbitrator noted that the reason the City conducted investigations in past cases was its perception that the in-court testimony was weak and unreliable. The arbitrator noted that the testimony upon which the City relied in this case was extremely strong. The arbitrator also found that the testimony in the instant case was given by former police officers who were acquainted with Grievants and who were therefore less likely to be mistaken in their identification of Grievants as recipients of bribes. Arbitrator's Award at 6-8.

Concluding that the factual circumstances in this case were sufficiently distinguishable from those in prior cases, the arbitrator determined that the City's failure to conduct its own investigation before dismissing Grievants did not demonstrate unfair or disparate treatment. Again, once the arbitrator has resolved a question presented by the evidence, this court will not disturb the arbitrator's award simply because it might believe that the arbitrator's interpretation is wrong. *Allegheny County Police Association.*

Finally, FOP and Grievants contend that the arbitrator erroneously included in his award factual matters beyond the scope of the grievances submitted. FOP and Grievants argue that the arbitrator improperly considered the issue of pre-termination due process and based his credibility determinations upon Grievants' failure to

respond to the charges contained in the formal notices of intention to dismiss.[6]

However, a review of the arbitrator's decision indicates that the arbitrator discussed Grievants' failure to make any statements to the City in order to rebut the charges against them *only* in his evaluation of the extent to which the City was obligated to conduct an independent investigation. In assessing the merits of the grievances, the arbitrator did not base his "just cause" determination on Grievants' assertion of their privilege against self-incrimination, but stated that the City had met its burden of proving "just cause" through the credible testimony of its two witnesses. Thus, after careful examination of the arbitrator's award, we cannot conclude that the arbitrator so exceeded the scope of the grievances submitted or the authority granted to him as to warrant reversal in this matter. *See Appeal of Upper Providence Township* and *Washington Arbitration Case,* 436 Pa. 168, 259 A.2d 437 (1969).

Accordingly, we affirm.

### ORDER

AND NOW, October 31, 1988, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

[6] FOP and Grievants contend that the City agreed that pre-deprivation due process was not an issue before the arbitrator because Grievants had instituted a civil rights action in the United States District Court for the Eastern District of Pennsylvania at *Gniotek v. City of Philadelphia,* 630 F. Supp. 827 (E.D. Pa. 1986), which was pending at the time of the arbitration hearings.