557 A.2d 825

Pennsylvania Association of State Mental Hospital Physicians, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Respondent.

Argued November 3, 1988, before Judges BARRY, COLINS and McGINLEY, sitting as a panel of three.

*Samuel L. Spear, Spear, Wilkerman, Sigmond, Borish, Endy and Silverstein,* for petitioner.

*Lisa Essman,* with her, *James L. Crawford* and *Arlene F. Klinedinst,* for respondent.

*Nathan C. Pringle, Jr.,* Assistant Counsel, with him, *Frank A. Fisher, Jr.,* Acting Chief Counsel, for intervenor, Commonwealth of Pennsylvania.

OPINION BY JUDGE BARRY, April 20, 1989:

The Pennsylvania Association of State Mental Hospital Physicians (Association) petitions for our review of an order of the Pennsylvania Labor Relations Board (Board) which found that the Commonwealth, as the employer, had violated Sections 1201(a)(1) and (9) but not Section

1201(a)(5) of the Public Employee Relations Act (PERA).[1] We affirm.

The Association was certified as the exclusive representative of a meet and discuss unit comprised of Commonwealth employees including psychiatric physicians 2 (supervisory) and child psychiatric physicians 2 (supervisory). The Association was also certified as the exclusive bargaining representative of a collective bargaining unit comprised of Commonwealth employees, including psychiatric physicians 1 (staff) and child psychiatric physicians 1 (staff). The Commonwealth has entered into numerous collective bargaining agreements with the collective bargaining unit and memoranda of understanding covering the meet and discuss unit. The practice of the parties was to negotiate the collective bargaining agreement and then submit the same to the meet and discuss unit for its consideration. No separate meet and discuss sessions have ever been held relative to the wages and benefits of the employees in the meet and discuss unit.

On January 27, 1986, the Association's negotiator sent a copy of the tentative settlement to the members of both the collective bargaining and meet and discuss units. The agreement included the pay ranges for psychiatric physicians 2 (supervisory) and child psychiatric physicians 2 (supervisory). The table indicated that the pay rate for these two employee classifications would be increased from range 55 to 57. Following the collective bargaining unit's ratification of the tentative agreement the parties signed the collective bargaining agreement on April 24, 1986.

The meet and discuss unit also voted on the tentative agreement and the parties met to discuss the proposed changes in the class specifications of employees. At that

---

[1] Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§1101.1201(a)(1), 1101.1201(a)(5), 1101.1201(a)(9).

meeting the Commonwealth's negotiator informed the Association that he had been authorized only to change the pay rate for the psychiatric and child psychiatric physician 2 (supervisory) positions to the so-called 56 pay range, not the so-called 57. Following further consultation with the Commonwealth, its negotiator notified the Association that it would accept an increase for these two classifications of employees only to pay range 56. No memorandum of understanding was executed.

The Association filed with the Board a charge of unfair labor practices against the Commonwealth pursuant to Sections 1201(a)(1) and (5) of PERA.[2] The Board issued a complaint and notice of hearing. At the hearing the Association amended its charge to allege a violation of Section 1201(a)(9) of PERA as well.[3] Following a hearing the hearing examiner issued a proposed decision and order which concluded that the Commonwealth had committed unfair labor practices within the meaning of Sections 1201(a)(1) and (9) of PERA but not within the meaning of Section 1201(a)(5). The order proposed that the Commonwealth unconditionally meet with the Association and discuss the pay ranges for the affected employee classifications. The Association filed exceptions to the hearing examiner's proposed decision and order. The

---

[2] 43 P.S. §§1101.1201(a)(1) and (5) provide:
(a) Public employers, their agents or representatives are prohibited from:

(1) Interfering, restraining or coercing employes in the exercise of the rights guaranteed in Article IV of this act.

. . . .

(5) Refusing to bargain collectively in good faith with an employe representative which is the exclusive representative of employes in an appropriate unit, including but not limited to the discussing of grievances with the exclusive representative.
[3] 43 P.S. §1101.1201(a)(9) provides:

(9) Refusing to comply with the requirements of 'meet and discuss.'

Board dismissed the Association's exceptions and the hearing examiner's order became final. The Association now appeals to this Court.

Our scope of review over unfair labor practice decisions of the Board is limited to determining whether constitutional rights or the provisions of 2 Pa. C. S. §§501-508 have been violated, an error of law has been committed and whether the Board's essential findings of fact are unsupported by substantial evidence. 2 Pa. C. S. §704; *Harbaugh v. Pennsylvania Labor Relations Board,* 107 Pa. Commonwealth Ct. 406, 528 A.2d 1024 (1987).

The Association raises several issues for our review. First, it argues that the Board erred in failing to conclude that the Commonwealth committed a violation of Section 1201(a)(5) of PERA. It reasons that the past practice and bargaining history of the parties give rise to a conclusion that the Commonwealth regards the two affected employee categories as a collective bargaining unit rather than as a meet and discuss unit. We find that the Association has misapplied the doctrine of past practice. In *County of Allegheny v. Allegheny County Prison Employees Independent Union,* 476 Pa. 27, 34, 381 A.2d 849, 852 (1977), our Supreme Court identified four situations in which evidence of past practice is used:

(1) to clarify ambiguous language; (2) to implement contract language which sets forth only a general rule; (3) to modify or amend apparently unambiguous language which has arguably been waived by the parties; and (4) to create or prove a separate, enforceable condition of employment which cannot be derived from the express language of the agreement.

This Court applied *County of Allegheny* in *School District of Pittsburgh v. Local Union 297 Pittsburgh Area School Employees,* 46 Pa. Commonwealth Ct. 192, 195,

407 A.2d 67, 68 (1979), stating, "Our Supreme Court has held that evidence of past practice can be used in arbitrations to implement contract language which sets forth only a general rule and to clarify ambiguous language." Further, in *City of Carbondale v. Fraternal Order of Police Lodge 63*, 109 Pa. Commonwealth Ct. 325, 328, 531 A.2d 76, 78 (1987), we noted that "an arbitrator may consider past practices in construing a collective bargaining agreement."

We find that the Association has misplaced its reliance on the doctrine of past practice to support the proposition that the Commonwealth has historically treated the meet and discuss unit as a collective bargaining unit. The doctrine merely provides an arbitrator with an additional tool to aid in the interpretation of collective bargaining agreements. In the case before us we are not concerned with the interpretation of a collective bargaining agreement but rather with the parties' duties with respect to an unexecuted memorandum of understanding.

Second, the Association argues that the Commonwealth is estopped from changing the increase in the pay range for the affected employees. It reasons that inasmuch as the members of both the collective bargaining unit and the meet and discuss unit voted to ratify the Commonwealth's proposals the Commonwealth should be bound by them. We disagree.

The treatment of first level supervisors in the public sector[4] is covered by Section 704[5] of PERA which provides:

---

[4] The parties were asked but did not stipulate before the hearing examiner that psychiatric physician 2 supervisory and child psychiatric physician 2 supervisory are first level supervisory positions. The Association argued before the hearing examiner and the Board that these employees were, in fact rank and file and more appropriately belonged in the collective bargaining unit. The hearing examiner and

Public employers shall not be required to bargain with units of first level supervisors or their representatives but shall be required to meet and discuss with first level supervisors or their representatives, on matters deemed to be bargainable for other public employes covered by this act.

Further, Section 301(17)[6] of PERA defines "meet and discuss" as:

... the obligation of a public employer upon request to meet at reasonable times and discuss recommendations submitted by representatives of public employes: Provided, That any decisions or determinations on matters so discussed shall remain with the public employer and be deemed final on any issue or issues raised.

Judge DOYLE recently discussed the effect of memoranda of understanding between a public employer and its employees in *Independent State Store Union v. Pennsylvania Labor Relations Board,* 119 Pa. Commonwealth Ct. 286, 547 A.2d 465 (1988).

The Memorandum ... represents a memorialization of the views arrived at by the public employee labor organization and the public employer after discussion as to what would be sound policy for the employer to adopt with respect to issues affecting first-level supervisory employees. This is so despite the fact that the public employer is not bound to accept the proposal contained in the Memorandum, and the public employee

---

the Board dismissed this argument concluding that it amounted to a question which could only be raised in a unit clarification proceeding. The Association appears to have abandoned this argument on appeal to this Court.

[5] 43 P.S. §1101.704.

[6] 43 P.S. §1101.301(17).

union has no right to insist the public employer implement such proposals. See Independent Association of Pennsylvania Liquor Control Board Employees v. Commonwealth, 35 Pa. Commonwealth Ct. 133, 384 A.2d 1367 (1978). *Memoranda of understanding are viable, not because such documents are legally binding upon the public employer, since they are not,* id., but because the public employer makes a good-faith effort to resolve matters affecting the public employer's first-level supervisory employees in a manner agreeable to such employees.

*Id.* at 293-94, 547 A.2d at 469 (emphasis added).

Inasmuch as *Independent State Stores* instructs us that memoranda of understanding are non-binding and unenforceable we cannot find that the Board erred in dismissing the Association's estoppel argument. Were we, or the Board, to compel the Commonwealth to retain the proposal for a pay range increase to 57 the non-binding effect of the resultant memorandum of understanding would provide no relief to the Association. The Commonwealth would not be bound by such a proposal even if it were included in a fully executed memorandum of understanding. For this same reason we likewise reject the Association's argument that the Board's order requiring the Commonwealth to meet and discuss the pay range issue is insufficient. Given the non-binding effect of memoranda of understanding it is the only meaningful remedy available.

For the foregoing reasons we affirm the order of the Board.

### ORDER

Now, April 20, 1989, the order of the Pennsylvania Labor Relations Board at Case No. PERA-C-86-334-E, dated May 21, 1987, is hereby affirmed.