558 A.2d 163

City of Philadelphia, Appellant *v.* Fraternal Order of Police, Lodge No. 5, Appellee.

Argued March 7, 1989, before Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

Ralph J. Teti, Chief Deputy City Solicitor, for appellant.

Anthony J. Molloy, Jr., Mozenter, Molloy & Durst, for appellee.

OPINION BY JUDGE PALLADINO, May 8, 1989:

The City of Philadelphia (Appellant) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) confirming an arbitration award entered in favor of the Fraternal Order of Police, Lodge No. 5 (FOP). We affirm.

Appellant and FOP were parties to a collective bargaining agreement which provided for the arbitration of grievances concerning contract violations, disciplinary suspensions of eleven (11) to thirty (30) days, demotions, and discharges. See Article XIX, section A(1) of collective bargaining agreement. FOP filed a grievance on behalf of Angela Young (Grievant), a police officer employed by Appellant. The grievance arose when Grievant was discharged from her employment as a result of an off-duty altercation with two other uniformed police officers and a supervisory officer. During the altercation, which occurred on June 3, 1985, Grievant struck one of the officers in the face and kneed him in the groin. In addition, Grievant directed profane and abusive language toward the supervisory officer.

On June 7, 1985, Grievant was ordered to report to the Police Department's Internal Affairs Division, at which time she was arrested and charged with disorderly

conduct, simple assault, and aggravated assault.[1] Grievant was given a copy of the arrest warrant, read her *Miranda* rights, and was provided with a written notice of suspension for thirty (30) days with intention to dismiss. On June 13, 1985, Grievant was served with a formal notice of intention to dismiss based upon her off-duty conduct as well as repeated violation of departmental rules and regulations.

The grievance filed by FOP proceeded to arbitration;[2] the arbitrator determined that Grievant's conduct warranted employment-related discipline. However, the arbitrator went on to conclude that Grievant should not have been discharged from her job. Accordingly, the arbitrator ordered that she be reinstated to her job with seniority, but without back pay or other lost benefits. Appellant then filed a petition for review of the arbitration award with the trial court. By order dated April 8, 1988, the trial court dismissed Appellant's petition for review and confirmed the arbitration award.

On appeal to this court, Appellant presents only one issue for our review: whether the arbitrator exceeded his authority by modifying the discipline imposed upon Grievant once the arbitrator found that Appellant established that Grievant engaged in misconduct warranting employment-related discipline.

Our scope of review of an Act 111[3] arbitration award is in the nature of narrow certiorari. Thus, we are limited to reviewing the jurisdiction of the arbitrator, the regularity of the proceedings, constitutional questions, and excesses in the exercise of the arbitrator's powers. *Appeal*

---

[1] Grievant was ultimately acquitted of the criminal charges.

[2] The issue, as framed by the arbitrator, was as follows: "Whether Angela Young was discharged for just cause? If not, what shall the remedy be?" Arbitrator's Award at 1.

[3] Act of June 24, 1968, P.L. 237, 43 P.S. §§217.1-217.10. Act 111 governs collective bargaining by policemen and firemen.

*of Upper Providence Township,* 514 Pa. 501, 526 A.2d 315 (1987); *Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia,* 120 Pa. Commonwealth Ct. 610, 549 A.2d 1014 (1988). In this case, we are asked to review only the fourth category, excesses in the exercise of the arbitrator's powers.

An arbitration award "may be in excess of the exercise of the arbitrators' powers if it requires the public employer to perform an act that it is prohibited by law from performing, ... or if it does not involve legitimate terms or conditions of employment." *Upper Providence Township,* 514 Pa. at 514-15, 526 A.2d at 321-22 (citations omitted). However, an error of law which does not so exceed the powers and authority of the arbitrator, such as a misinterpretation or misapplication of law affecting a term or condition of employment but that does not require the doing of a prohibited act by the employer, is not alone grounds for reversal of an Act 111 arbitration award. *Upper Providence Township.*

In this case, Appellant contends that once the arbitrator found that Grievant had engaged in the complained of conduct, the arbitrator was without power under the parties' agreement to modify the discipline imposed upon Grievant.[4] Initially, we note that Article XVIII of the parties' collective bargaining agreement provides that "[n]o employee shall be disciplined or discharged except as in [sic] consistent with the Home Rule Charter and the Regulations of the Civil Service Commission." Section

_____

[4] Appellant relies upon Article II of the collective bargaining agreement, which states that the inclusion of certain provisions of the Philadelphia Home Rule Charter and Civil Service Regulations in the agreement is not intended to abridge Appellant's right under the Home Rule Charter to manage its employees and to effect changes in personnel matters. Appellant also cites Article XIX, section G of the collective bargaining agreement, which provides that the arbitrator shall have no authority to add to, subtract from, or in any way alter the terms of the agreement.

7-303 of the Philadelphia Home Rule Charter (Home Rule Charter), 351 Pa. Code §7.7-303, states that "just cause" is the standard by which the propriety of a dismissal is to be determined. Section 7-401(p) of the Home Rule Charter states that civil service regulations are to provide for suspensions of not more than thirty (30) days. 351 Pa. Code §7.7-401(p). Section 7-401(q) of the Home Rule Charter states that the regulations also are to provide that discharge or reduction in rank shall be effected only after the employee is apprised of the reasons for the contemplated action and afforded an opportunity to respond. 351 Pa. Code §7.7-401(q).

The arbitrator in the instant case specifically credited the testimony of the three police officers as to the events which transpired on June 3, 1985 and concluded that Grievant's misconduct was sufficiently related to her job so as to warrant employment-related discipline. Further, the arbitrator stated that "[t]he validity of such [employment-related] discipline was not undermined by the Grievant's acquittal on criminal charges." Arbitrator's Award at 12.

However, we are faced with the statement by the arbitrator that one of the generally accepted tests of just cause is that a fair investigation take place prior to the imposition of discipline and that the City failed to meet this test. Arbitrator's Award at 14. The arbitrator noted that Appellant did not request Grievant to give her account of the altercation and, at the time Grievant was given her suspension notice, Appellant apprised her only of the criminal charges and not the departmental charges. Accordingly, the arbitrator concluded that Appellant failed to afford Grievant "contractual due process." Arbitrator's Award at 13-14. Further, the arbitrator determined that Appellant may have placed improper emphasis on a prior disciplinary charge beyond the expiration of the "reckoning period" for that charge. Finally, the arbi-

trator noted that various mitigating factors existed to justify modification of the discipline imposed.[5] The arbitrator then concluded that "[g]iven the totality of these circumstances, just cause did not exist for Grievant's discharge." Arbitrator's Award at 16.

The arbitrator essentially determined that mitigating factors as well as procedural errors could be considered in evaluating whether "just cause" for Grievant's discharge did or did not exist. Such a definition or standard of "just cause" amounts to, at most, a mere error of law. After careful review of the arbitrator's award in light of the above-referenced contract provisions as well as our limited scope of review of Act 111 arbitration cases, we cannot conclude that the arbitrator so exceeded the scope of the grievance submitted to him or the authority granted to him as to warrant reversal in this matter.[6]

---

[5] The arbitrator stated that Grievant's discharge may have been based in part on Appellant's assumption that she would be convicted on the criminal charges. In addition, the arbitrator found that Grievant became involved in the altercation primarily as a citizen, rather than as a police officer. Arbitrator's Award at 15-16.

[6] Appellant relies upon *Philadelphia Housing Authority v. Union of Security Officers,* 500 Pa. 213, 455 A.2d 625 (1983) and *Musser v. County of Centre,* 101 Pa. Commonwealth Ct. 193, 515 A.2d 1027 (1986), *aff'd,* 519 Pa. 380, 548 A.2d 1194 (1988) in support of its contention that once the arbitrator found that Grievant had engaged in job-related misconduct, he was without authority to modify the discipline imposed. In *Philadelphia Housing Authority* and *Musser,* arbitrators' modifications of discipline were found to be manifestly unreasonable where the respective employers established "just cause" for the disciplinary action taken. *See also Pennsylvania Liquor Control Board v. Independent State Stores Union,* 520 Pa. 266, 553 A.2d 948 (1989) (once record reflects that dismissal of employee by Liquor Control Board was for just cause, inquiry of arbitrator must end). However, we note that *Philadelphia Housing Authority, Musser,* and *Independent State Stores* did not involve Act 111 arbitration awards. Additionally, we are mindful that the collective bargaining agreement at issue in *Musser* explicitly gave management the sole power to discipline or discharge its employees. 101 Pa. Commonwealth Ct. at 202, 515 A.2d at 1031.

*Upper Providence Township*. So long as the award draws its essence from the terms of the collective bargaining agreement, this court should not intrude upon the domain of the arbitrator simply because it believes that the arbitrator's interpretation might be "wrong." *Allegheny County Police Association v. County of Allegheny,* 100 Pa. Commonwealth Ct. 327, 514 A.2d 964 (1986), *appeal dismissed as improvidently granted,* 516 Pa. 17, 531 A.2d 1108 (1987).

Accordingly, we affirm.

ORDER

AND NOW, May 8, 1989, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.