579 A.2d 430

FALLS TOWNSHIP

v.

POLICE ASSOCIATION OF FALLS TOWNSHIP
and Wynne Cloud.

**Appeal of POLICE ASSOCIATION OF FALLS TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued May 4, 1990.
Decided July 26, 1990.

Neal Goldstein, Freedman and Lorry, P.C., Philadelphia, for appellant.

Richard S. Hoffman, Doylestown, for appellee, Falls Tp.

Martin J. King, Cordes, King & Rich, New Hope, for appellee-intervenor, Wynne Cloud.

Before PALLADINO and McGINLEY (P.), JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

Police Association of Falls Township (Association) appeals an order of the Court of Common Pleas of Bucks County (trial court) which granted a motion for summary judgment in favor of Falls Township (Township) and intervenor, Wynne Cloud (Cloud) in an action to vacate an Act 111 arbitration award.[1]

Association is the labor union representing patrolmen and sergeants in the Township police department. Pursuant to a collective bargaining agreement between Association and Township (Agreement), an examination was held in March, 1985, to create an eligibility list to fill vacant sergeant's positions. Under the Agreement an eligibility list is effective for one year.

On December 27, 1985, Cloud's name was taken from the eligibility list and he was promoted from patrolman to sergeant (1985 promotion). Township alleges that on February 11, 1986, the Township Board of Supervisors eliminated one lieutenant position in the police department for budgetary reasons. Thereafter, the least senior lieutenant was reduced in rank to sergeant, and Cloud, as the least senior sergeant, was reduced in rank to patrolman (1986 demotion).

Cloud requested a hearing to review the demotion pursuant to what is popularly called the Police Tenure Act.[2] The request was denied, and Cloud filed two mandamus actions against Township praying for an order of reinstatement. During the pendency of these actions, a sergeant's position became vacant to which Cloud was appointed on January 1, 1988 (1988 appointment).

On January 8, 1988, Robert Macchia, a patrolman seeking a sergeant's position, filed a grievance, protesting Cloud's 1988 appointment contending that it violated the Agreement

1. Section 4 of the Act of June 24, 1968, P.L. 237, 43 P.S. § 217.4 (Act 111).

2. Sections 1–6 of the Act of June 15, 1951, P.L. 586, *as amended*, 53 P.S. §§ 811–816. The Agreement incorporates the Police Tenure Act, which permits a township to demote an officer only for just cause.

because no new examination was held and no new eligibility list was created. Association referred the grievance to arbitration.[3] An arbitrator was appointed, held a hearing, and issued an opinion finding that Cloud was "promoted" on January 1, 1988. The arbitrator concluded that under the Agreement an officer can only be promoted from a valid eligibility list and that Cloud's promotion violated the Agreement because he was promoted on January 1, 1988, at a time that there was no valid eligibility list. Accordingly, the arbitrator issued an award ordering Township to rescind the "promotion."

Township filed a petition to vacate the arbitration award in the trial court. Cloud filed a petition to intervene, which was granted. Thereafter, Township and Cloud filed motions for summary judgment. The trial court, concluding that the arbitrator exceeded his authority by rescinding the 1988 appointment, granted both motions for summary judgment.

■ On appeal to this court,[4] Association raises two issues: (1) whether the trial court improperly granted Cloud's petition to intervene; and (2) whether the arbitrator exceeded his authority.

■ As to the first issue, Pa.R.C.P. No. 2327 provides in pertinent part:

3. After the grievance was filed but before the matter was heard by an arbitrator, the mandamus actions were settled pursuant to a stipulation in which Cloud received: (a) 75% of the earnings he lost due to the 1986 demotion, and (b) amendment of his service record to credit him with service as a sergeant from the date of the 1985 promotion. In consideration of the stipulation the trial court issued two orders confirming the settlement on June 28, 1988, stating that Cloud was entitled to the rank of sergeant.

4. Our scope of review of an Act 111 arbitration award is in the nature of narrow certiorari. Thus, we are limited to reviewing the jurisdiction of the arbitrator, the regularity of the proceedings, constitutional questions, and excesses in the exercise of the arbitrator's powers. *Fraternal Order of Police Lodge No. 5 v. City of Philadelphia,* 120 Pa.Commonwealth Ct. 610, 549 A.2d 1014 (1988), *petition for allowance of appeal denied,* 522 Pa. 586, 559 A.2d 529 (1989).

At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if

. . . .

(4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by the judgment in the action.

Association contends that because Cloud was not a party in the arbitration proceeding, he would have no standing to appeal from the arbitration award. Association asserts that because Cloud had no standing to appeal from the award, he has no standing to intervene and as a result his petition to intervene was improperly granted.

Cloud contends that because there was no just cause for the 1986 demotion, the Township violated the Police Tenure Act. Because of this alleged violation, Cloud argues that he was entitled to the rank of sergeant. Cloud asserts that his entitlement is a legally enforceable interest which was affected by the arbitration award and any subsequent judgment of the trial court on a petition to vacate the award. We conclude that the effect on Cloud's alleged entitlement is clear and that the trial court properly granted Cloud's petition to intervene.

■ At this point, we must consider whether a motion for summary judgment was properly granted in light of Association's contention that there was a dispute as to a material fact. We note that a motion for summary judgment may not be granted if the pleadings, depositions, answers to interrogatories and admissions show that there is a genuine issue as to a material fact. Pa.R.C.P. No. 1035(b).

Association argues that whether the 1988 appointment was a "reinstatement" or a "promotion" is a disputed question of fact, which would prohibit disposition of this case by summary judgment. However, whether the appointment is more properly denominated a "reinstatement" or a "promotion" is immaterial to the present dispute.

Township and Cloud argue that the arbitrator exceeded his authority because Cloud was entitled to the rank of sergeant at the time of the 1988 promotion. Consequently, it is the legal question of entitlement that is the actual dispute.

Since the actual dispute is a question of law, we must decide if Township was entitled to summary judgment as a matter of law. To be entitled to summary judgment vacating the arbitrator's award, it must be concluded that the arbitrator exceeded his authority. *City of Philadelphia v. Fraternal Order of Police, Lodge No. 5*, 125 Pa.Commonwealth Ct. 625, 558 A.2d 163 (1989). An Act 111 grievance arbitration award may be in excess of the exercise of an arbitrator's powers if it requires the public employer to perform an act that it is prohibited by law from performing. *Id.* We find it helpful to review cases in which Act 111 arbitration awards were vacated for this reason.

In *The Matter of Arbitration Between the City of Washington and the Police Department of the City of Washington*, 436 Pa. 168, 259 A.2d 437 (1969), the supreme court reviewed an Act 111 interest arbitration award which ordered the City of Washington to provide hospital coverage for officers' family members equal to the coverage provided for the officers. The city filed an action to vacate the award arguing that the award constituted an excess in the exercise of the arbitration panel's authority because it would be illegal for the city to make such payments.

After stating that an arbitration award may only require a public employer to do that which it could do voluntarily, the supreme court looked to whether the public employer was prohibited by law from making the payments required by the award. The relevant statute authorized the city to "make contracts of insurance ... insuring its elected or appointed officers, officials and employees, or any class or classes thereof, under a policy of policies of group insur-

ance covering ... hospitalization." [5]  Concluding that the city has only those powers expressly given by statute and that the city was not given the power to make insurance contracts to cover hospitalization of officers' family members, the supreme court held that the payment ordered by the arbitration award was prohibited by law. Consequently, the supreme court held that the arbitration panel exceeded its authority and vacated the award.

In *Allegheny County Firefighters, Local 1038, International Association of Firefighters v. County of Allegheny,* 7 Pa.Commonwealth Ct. 81, 299 A.2d 60 (1973), the firefighters brought an action to enforce two provisions of a collective bargaining agreement adopted pursuant to Act 111 binding arbitration.  In preliminary objections, the county contended that one provision, mandating that all firefighters belong to the union, compelled the county to do a prohibited act and was therefore beyond the arbitration panel's power to award.[6]

Applying *Washington,* this court decided that we must first determine whether the provision would require the county to perform any duty or take any action which is impliedly or specifically prohibited by the statutory law governing its affairs.  We concluded that the union security provision would require the county to discharge firefighters who did not join the union in violation of a statute providing civil service protection to firefighters.[7]  Accordingly, we affirmed the trial court's dismissal of the action to enforce this provision.

Although these cases involved interest arbitration, because the scope of review is identical for the present matter we adopt the same analysis and will address the alleged illegality of Township's rescission of the 1988 appointment.

5. Section 2403(53) of The Third Class City Code, the Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. § 37403(53).

6. The second provision involved the adoption of a binding arbitration grievance procedure which was challenged on a related but slightly different ground.

7. The Act of July 28, 1953, P.L. 723, *as amended,* 16 P.S. §§ 3101–6302.

To decide this question we must first consider Cloud's entitlement to the rank of sergeant. Township and Cloud contend that because Cloud was demoted in 1986 without just cause he remains entitled to the rank of sergeant pursuant to his original promotion in 1985 under the Police Tenure Act.

A police officer statutorily afforded a right to his present rank, except for enumerated reasons, has an entitlement to that rank. *See Kretzler v. Ohio Township*, 14 Pa.Commonwealth Ct. 236, 322 A.2d 157 (1974). It is not disputed that Township is subject to the limitations of the Police Tenure Act, which, following the 1985 promotion, afforded Cloud a right to the rank of sergeant except for enumerated just cause reasons.

The record certified to this court contains nothing which suggests that just cause existed for the 1986 demotion. We note also that Association has not raised the issue of the 1986 demotion's invalidity in its statement of the issues.[8] Because there appears to be no genuine dispute that the 1986 demotion was invalid, we conclude that Cloud's entitlement to the rank of sergeant existed at the time of the 1988 appointment and that Township was prohibited by the Police Tenure Act from denying Cloud's entitlement to the rank of sergeant. Because the arbitrator's award ordered Township to do an act which it was prohibited from doing, the award must be vacated.

Accordingly, we affirm.

## ORDER

AND NOW, July 26, 1990, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed.

8. The only argument as to this issue is Association's statement that Township filed answers to Cloud's mandamus complaint denying an allegation that the demotion was without just cause. Because this denial allegedly occurred in a separate matter and the document was not made part of the record certified to this court, this argument is without merit.