**In re the Matter of Mark PENTZ.**

**Appeal of NEWTOWN TOWNSHIP, Appellant.**

Commonwealth Court of Pennsylvania.

Argued May 7, 1997.

Decided Aug. 14, 1997.

Stephen B. Harris, Warrington, for appellant.

James A. Downey, III, Langhorne, for appellee.

Before COLINS, President Judge, and DOYLE, SMITH, KELLEY and LEADBETTER, JJ.

DOYLE, Judge.

The sole issue for our review in this appeal is whether the Board of Supervisors (Board) of Newtown Township committed an abuse of discretion or error of law when it reduced Officer Mark Pentz's rank pursuant to a Pennsylvania Labor Relations Board (PLRB) order to "[r]escind the unilateral promotion to sergeant of Officer Patton and restore the

status quo ante." For the reasons set forth below, we find no error by the Board, and, therefore, we reverse the order of the Court of Common Pleas of Bucks County which reinstated Officer Pentz to the rank of corporal.

The record reveals the following facts. In February of 1990, the Board promoted corporal Charles Patton to the rank of sergeant to fill an existing vacancy. The Board made its decision based solely on the recommendation of the chief of police. On the same day, the Board promoted Officer Pentz from the rank of patrolman to the rank of corporal to fill the vacancy created by Officer Patton's promotion. Unlike Officer Patton, the promotion of Officer Pentz was based on his length of service with the police department, and his performance in both written and oral testing.

The Newtown Township Police Benevolent Association (PBA), the bargaining unit of the township police force, filed a charge of an unfair labor practice with the PLRB under the Pennsylvania Labor Relations Act[1] and Act 111[2] alleging that the promotion of Officer Patton to the position of sergeant should have been filled through competitive testing procedures. On August 4, 1995, the PLRB hearing examiner issued a decision and order which found that the promotion of Officer Patton to sergeant was a violation of Sections 6(1)(a) and (e) of the PLRA and Act 111. Its

order directed, in pertinent part, that the Township "[r]escind the unilateral promotion to sergeant of Officer Patton **and restore the status quo ante.**" (Emphasis added.) The PLRB decision made no specific mention of Officer Pentz.

The PBA agreed with the Township that the language "restore the status quo ante" mandated a reduction in rank for both Officers Patton and Pentz. The Township notified Officer Patton and Officer Pentz that they were being returned to their prior rank in compliance with the valid PLRB order.[3] Following this notice, Officer Pentz requested and was granted an administrative hearing before the Board, alleging that his reduction in rank violated the Police Tenure Act (Act).[4] The Board held that there was no violation of the Police Tenure Act because the enforcement action was in direct compliance with a PLRB order.

Officer Pentz appealed to Common Pleas which vacated the Board's order and further ordered that Officer Pentz be restored to the rank of corporal effective the date of his reduction in rank. The trial court concluded that, in reaching its decision, the PLRB did not consider Officer Pentz's promotion. The trial court then held that the Township violated Section 812 of the Act by "demoting" Officer Pentz.

■ On appeal, the Township argues that the Board acted within its discretion in inter-

---

**1.** Pennsylvania Labor Relations Act (PLRA), Act of June 1, 1937, P.L. 1168, *as amended*, 43 P.S. §§ 211.1–.13.

**2.** Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1–.27, commonly known as "Act 111."

**3.** The trial court's order indicated that in the absence of any exceptions filed pursuant to 34 Pa.Code § 95.98 within twenty (20) days, the August 4, 1995 Decision and Order would become absolute and final. No exceptions were filed. The Township chose instead to accept the order and attempted compliance therewith.

**4.** Act of June 15, 1951, P.L. 586, *as amended*, 53 P.S. §§ 811–815. Section 812 of the Act provides the following:

No person employed as a regular full time police officer in any police department of any

township of the second class, or any borough or township of the first class within the scope of this act, with the exception of policemen appointed for a probationary period of one year or less, shall be suspended, removed or reduced in rank except for the following reasons: (1) physical or mental disability affecting his ability to continue in service; (2) neglect or violation of any official duty; (3) violating of any law which provides that such a violation constitutes a misdemeanor or felony; (4) inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer; and (5) intoxication while on duty. A person so employed shall not be removed for religious, racial or political reasons. A written statement of any charges made against any person so employed shall be furnished to such person within five days after the same are fired.
53 P.S. § 812.

preting the PLRB order as requiring the vacation of the corporal's position as well as the sergeant's position and the reinstatement of both officers to their previous rank.[5] It contends that the Board found that the only reason the corporal's position was available was because the Township committed an unfair labor practice by promoting Officer Patton, and Officer Pentz cannot claim entitlement to a position created by an illegal act. Moreover, if the Board did not reduce Officer Pentz in rank, the Township would have had five corporals instead of only four.[6] Thus, in demoting Officer Pentz, the Township was merely restoring the "status quo ante" which existed before Officer Patton's unlawful promotion from corporal to sergeant. Additionally, the Township argues that, pursuant to the trial court's reasoning, the order of the PLRB would be completely unenforceable because the order to reduce Officer Patton from sergeant to corporal did not comply with the Police Tenure Act either.

Officer Pentz, however, relies upon our decision in *Falls Township v. Police Association of Falls Township*, 134 Pa.Cmwlth. 255, 579 A.2d 430 (1990) in arguing that the Township improperly demoted him. In *Falls Township*, the township eliminated the post of lieutenant in February of 1986 for budgetary reasons and reduced in rank the then present lieutenant to the position of sergeant which was then held by Officer Wynne Cloud.[7] The township then demoted Cloud to make way for the lieutenant. Thereafter, a sergeant's position became vacant to which Cloud was appointed on January 1, 1988.

Officer Robert Macchia filed a grievance protesting Cloud's 1988 promotion as violating the collective bargaining agreement because no new examination was held and, as a result, no new eligibility list was created.

The arbitrator agreed with Macchia that Cloud's promotion violated the agreement and issued an order rescinding the promotion. The township filed a petition to vacate the arbitration award in the trial court and Cloud filed a petition to intervene, which was granted. The township and Cloud then both filed motions for summary judgment. The trial court, concluding that the arbitrator exceeded his authority by rescinding the 1988 promotion, granted the motions for summary judgment.

■ On appeal to this Court, the township and Cloud argued that, because Cloud was demoted in 1986 without just cause, he remained entitled to the rank of sergeant pursuant to his original promotion in 1985 under the Police Tenure Act. We concluded that Cloud was demoted from his 1985 promotion **solely** for budgetary reasons, which did not constitute just cause under the Police Tenure Act. Therefore, we agreed that he remained entitled to the rank of sergeant at the time of his 1988 promotion. Succinctly stated, we held that demoting, or reducing in rank, a police officer once legitimately promoted, for budgetary reasons only, did not constitute "just cause" under the Police Tenure Act.

■ In contrast, after thoroughly reviewing the matter presently before us, we conclude that Officer Pentz was not entitled to the rank of corporal. It is clear that the *only* reason the corporal position was available was because the Township committed an unfair labor practice in promoting Officer Patton. Indeed, Officer Pentz does not contend that he would have been entitled to the promotion absent the Township's illegal act. As such, Officer Pentz cannot seek the protection of the Police Tenure Act. In contrast to our holding in *Falls Township*, we find

---

5. Where the trial court takes no additional evidence, our scope of review is the same as that of the trial court under Section 754(b) of the Local Agency Law, 2 Pa.C.S. § 754(b). We must consider whether substantial evidence supports the findings of borough council, an error of law was committed or any constitutional rights were violated. *Kazmarek v. New Bethlehem Borough Council*, 84 Pa.Cmwlth. 19, 478 A.2d 514 (1984).

6. In January of 1990, the Township created the rank of corporal for each shift.

7. Cloud was promoted from patrolman to sergeant on December 27, 1985.

that the reduction in rank of a police officer in compliance with a legitimate and proper order of the Pennsylvania Labor Relations Board does constitute "just cause" under the provisions of the Police Tenure Act.

Accordingly, because the Township did not deny Officer Pentz the rank of corporal for any internal reasons, but simply vacated the promotions previously made pursuant to the legitimate authority of an order of the PLRB, we reverse the order of the trial court and direct the Township to vacate Officer Pentz's promotion.

Order reversed.

### ORDER

**NOW,** August 14, 1997, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby reversed.

SMITH, Judge, dissenting.

I respectfully disagree with the majority's decision to reverse the order of the Court of Common Pleas of Bucks County reinstating Officer Mark Pentz to the rank of corporal. The majority's decision is grounded on the premise that the Board of Supervisors of Newtown Township did not deny to Officer Pentz the rank of corporal for any internal reasons and that it merely vacated his promotion pursuant to the authority of the order of the Pennsylvania Labor Relations Board. The Board's order required the Township, among other things, to "[r]escind the unilateral promotion to sergeant of Officer Patton and restore the status quo ante...."

The order of the Labor Relations Board never mentioned Officer Pentz or the corporal position to which he was promoted, nor

did the Board otherwise indicate that it even considered Officer Pentz' promotion to determine whether it was legally effectuated. Evidently, the Labor Relations Board did not consider Officer Pentz' promotion because it was made in accordance with the Act commonly known as the Police Tenure Act.[1] Officer Pentz was promoted based upon merit and the scores he received after competitive testing.

The majority cites no case precedent to support its holding. Instead, it purports to distinguish the holding in *Falls Township v. Police Ass'n of Falls Township,* 134 Pa. Cmwlth. 255, 579 A.2d 430 (1990), where the Court vacated an arbitration award and reinstated an officer's promotion to the rank of sergeant. Before doing so, the Court considered whether any provision of the applicable collective bargaining agreement required the Township to perform any duty or to take any action which was prohibited by statutory law and whether any just cause existed to demote the officer. There was no evidence presented here to suggest that the Township was prohibited from promoting Officer Pentz to the corporal position. Stated another way, there was no evidence offered to suggest that Officer Pentz' promotion should be vacated because of irregularity or illegality.

Because Officer Pentz was statutorily afforded the right to his promotion to corporal, he is entitled to that rank, unless just cause existed for his demotion. *Kretzler v. Ohio Township,* 14 Pa.Cmwlth. 236, 322 A.2d 157 (1974). There being no statutory provision, court order, Labor Relations Board order or other indications suggesting just cause for Officer Pentz' demotion, I believe that the majority has erred in reversing the trial

---

1. Act of June 15, 1951, P.L. 586, *as amended,* 53 P.S. §§ 811–816.

court, which properly restored Officer Pentz to the rank of corporal.[2]

---

**2.** *See also West v. Department of Public Welfare,* 150 Pa.Cmwlth. 59, 614 A.2d 357 (1992), *appeal denied,* 535 Pa. 627, 629 A.2d 1386 (1993), where this Court reversed the demotion of an employee and reinstated him to the higher job classification granted to him in accordance with applicable civil service rights. The Court stated that the employer cannot escape its statutory obligations to the employee simply because the employer made a mistake in its promotion decisions.